UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CAROL McGUIRE,

                                         Plaintiff,

                   -against-

VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD
POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD
POLICE OFFICER JOHN DOE a.k.a. "JACK", and
COUNTY OF NASSAU,

                                    Defendants.
---------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a
Trial by Jury**

Plaintiff, CAROL McGUIRE, complaining of Defendants, by and through her attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, respectfully alleges the following upon information and belief:

## PRELIMINARY STATEMENT

1.      This is a shocking and egregious case of rape and sexual assault. Defendant Village of Hempstead Police Officer John Doe a.k.a. Jack (hereinafter, "Defendant Officer Jack") is a police officer who has sworn to serve and protect the community. On or about May 12, 2019, using his status as a police officer, Defendant Officer Jack sexually assaulted and raped Plaintiff CAROL MCGUIRE (hereinafter, "McGuire" or "Plaintiff") at an empty parking lot located in Hempstead, New York.

2.      The emotional and psychological damage to Plaintiff from the sexual assault and rape cannot be overstated: it has been profound and lasting. Like many victims of sexual assault, due to a combination of trauma, fear, and shame, Plaintiff was initially reluctant to speak out about the horrendous and traumatic experience she suffered at the hands of Defendants. But Plaintiff

CA/D229196/FL2818

came to realize she could not repress what had happened. She sought mental health treatment and, eventually, gained the courage to come forward.

3.     Plaintiff now brings this civil suit to recover compensatory, punitive, and emotional distress damages for this unconscionable, pernicious, and insidious sexual assault and rape at the hands of Defendant Officer Jack who acted under the umbrella of protection by law enforcement.

## PARTIES

4.     That at all times hereinafter mentioned, Plaintiff CAROL McGUIRE is an individual with a residence located at 28 Dartmouth Street, Rockville Centre, New York 11570.

5.     Defendant VILLAGE OF HEMPSTEAD (hereinafter, "HEMPSTEAD") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York and is located within the County of Nassau.

6.     Defendant VILLAGE OF HEMPSTEAD POLICE DEPARTMENT (hereinafter, "HPD") is a subdivision and/or agency of Defendant HEMPSTEAD.

7.     Upon information and belief, at all relevant times described herein, Defendant HEMPSTEAD, by its agents and/or employees, operated, maintained, and controlled the HPD, including all officers thereof.

8.     Upon information and belief, Defendant VILLAGE OF HEMPSTEAD POLICE OFFICER JOHN DOE a.k.a. "JACK" (hereinafter, "Defendant Officer Jack") is a police officer who is being sued in his individual and official capacity and is an employee of Defendant HEMPSTEAD and the HPD. Upon information and belief, at all relevant times described herein, Defendant Officer Jack was acting under color of state law within the scope of his employment as a police officer employed by Defendant HEMPSTEAD, and works under the supervision, direction, and/or control of his supervisors in the HPD.

CA/D229196/FL2818

9.      Defendant COUNTY OF NASSAU (hereinafter, "NASSAU") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1342 in that Defendants' conduct violated rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments of the Unites States Constitution.

11.     Each Defendant, upon information and belief, is an individual citizen, corporate, municipal, or governmental subdivision organized pursuant to the laws of the State of New York. The matter in controversy exceeds jurisdictional minimums, exclusive of interest and costs.

12.     Venue in the Eastern District of New York is proper under 28 U.S.C. §1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within Nassau County. Additionally, Plaintiff resides in the County of Nassau, which is located within the Eastern District of New York.

## JURY DEMAND

13.     Plaintiff hereby demands a trial by jury in this action.

## FACTUAL BACKGROUND

14.     At all times relevant hereto, Plaintiff is an individual recovering from her drug addiction and, upon information and belief, is currently enrolled in a drug rehabilitation program.

15.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack knew and was familiar with Plaintiff prior to the sexual assault complained of herein, having arrested her on at least two occasions prior to the events complained of herein.

CA/D229196/FL2818

16.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack knew that Plaintiff was a vulnerable individual who had trouble with the law in the past and could be easily manipulated using his status as a police officer.

17.     Upon information and belief, at all times relevant hereto, the sexual assault occurred on the morning of May 12, 2019, when Plaintiff was walking lawfully down Terrace Avenue in Hempstead, New York to visit her friend.

18.     Upon information and belief, at all times relevant hereto, as Plaintiff walked down the street, Defendant Officer Jack pulled up his vehicle next to her, rolled down the window, and instructed Plaintiff to "come here, get in".

19.     Upon information and belief, at all times relevant hereto, Plaintiff initially refused to get inside Defendant Officer Jack's vehicle as she had committed no crime and attempted to continue to lawfully walk to her friend's house.

20.     Upon information and belief, at all times relevant hereto, after Plaintiff's initial refusal to get into the vehicle, Defendant Officer Jack, using the actual and/or apparent authority of the HPD, threatened Plaintiff by stating "get in, or you're going in cuffs".

21.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack was acting with the actual and/or apparent authority of the HPB when he ordered Plaintiff into his vehicle or face the threat of arrest.

22.     Upon information and belief, at all times relevant hereto, Plaintiff, in fear of being arrested by Defendant Officer Jack after he communicated to her that she would be arrested for noncompliance, complied with Defendant Officer Jack's demand and got in the front passenger seat of the vehicle as directed.

CA/D229196/FL2818

23.     Upon information and belief, at all times relevant hereto, once Plaintiff was inside the vehicle, Defendant Officer Jack started driving the vehicle.

24.     Upon information and belief, at all times relevant hereto, once the car was in motion, Plaintiff protested that she did nothing wrong and asked where they were going, to which Defendant Officer Jack responded "don't worry about it".

25.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack drove the vehicle to a large parking lot on or around Cathedral Avenue in Hempstead, New York and parked the car in the back of the lot.

26.     Upon information and belief, at all times relevant hereto, once the car was parked, Plaintiff asked Defendant Officer Jack what he wanted from her, to which he responded, in sum and substance, as follows: "This has been a long time coming. I've been waiting to do this to you for three years, since I saw you walking down the street that night in those black boots."

27.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack then proceeded to unzip his pants, forcibly grabbed Plaintiff's head, and pushed her head down his genitals to force her to perform oral sex.

28.     Upon information and belief, at all times relevant hereto, Plaintiff, in shock and disbelief, never consented to performing oral sex on Defendant Officer Jack and could not overcome his control and dominion over her body.

29.     Upon information and belief, at all times relevant hereto, after some time, Defendant Officer Jack let Plaintiff's head go, got out of the vehicle, went around to the passenger's side of his vehicle, pulled Plaintiff out of the car, turned her around, pushed her face into the passenger seat, and removed her pants. He then proceeded to rape and sodomize her.

30.    Upon information and belief, at all times relevant hereto, Defendant Officer Jack intentionally failed to use a condom or other form of contraceptive, exposing Plaintiff to the threat of contracting sexually transmitted diseases.

31.    Plaintiff never consented to have sexual intercourse with Defendant Officer Jack.

32.    Plaintiff was in pain and paralyzed with fear while Defendant Officer Jack had his way with her.

33.    Upon information and belief, at all times relevant hereto, after Defendant Officer Jack was finished violating Plaintiff, he shoved Plaintiff back into the car and drove the car around to Mulford Street, Hempstead, New York.

34.    Upon information and belief, at all times relevant hereto, Defendant Officer Jack ordered Plaintiff to get out of the car and threatened her by saying "don't you say anything. And don't let me see you or I'm getting you".

35.    Upon information and belief, at all times relevant hereto, Plaintiff, shocked and terrified, was only able to say "you won't. I won't say anything."

36.    Upon information and belief, at all times relevant hereto, although Plaintiff wanted to go to the hospital to get herself checked out, she was afraid that the hospital would call the police, alerting Defendant Officer Jack that Plaintiff had reported the rape, causing her to be susceptible to further assault and/or other forms of retaliation at the hands of Defendant Officer Jack.

37.    After a few days, Plaintiff was able to gather up enough courage to report the sexual assault and rape to the Nassau County District Attorney's Office.

38.    Upon information and belief, the Nassau County District Attorney's Office commenced an investigation into the matter that is currently ongoing.

CA/D229196/FL2818

39.     Upon information and belief, at all times relevant hereto, due to the traumatic experience, Plaintiff suffers from nighttime terrors and wakes up screaming in the middle of the night, requiring her to seek help from various mental health providers and counselors.

40.     Upon information and belief, at all times relevant hereto, due to the traumatic experience, Plaintiff continues to receive rape trauma counseling services and seeks assistance from multiple psychiatrists and/or other mental health providers and counselors.

41.     Upon information and belief, at all times relevant hereto, Defendant Officer Jack did not charge Plaintiff for any crime on May 12, 2019 and unlawfully seized and detained her person, under color of state law, using his status as a police officer.

42.     In assaulting, battering, unlawfully detaining, falsely imprisoning, sexually assaulting, and raping Plaintiff, Defendant Officer Jack acted maliciously, wantonly, recklessly, and/or in grossly negligent disregard of Plaintiff's rights.

43.     Upon information and belief, Defendants HEMPSTEAD and HPD knew of prior instances of misconduct on behalf of Defendant Officer Jack, yet failed to take any action to prevent future instances of misconduct, essentially countenancing his behavior.

44.     By failing to act, Defendants HEMPSTEAD and HPD proximately caused the injuries to Plaintiff as alleged herein, as it was foreseeable that Defendant Officer Jack would continue to use his position as a police officer to further his horrid and salacious acts.

45.     Pursuant to New York State General Municipal Law, Plaintiff served a Notice of Claim upon NASSAU within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

46.     Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff appeared for a hearing that was conducted on behalf of NASSAU.

CA/D229196/FL2818

47.     Over thirty (30) days has since expired without NASSAU remedying, settling, or adjusting this claim.

48.     Pursuant to New York State General Municipal Law, Plaintiff served a Notice of Claim upon HEMPSTEAD within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

49.     Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff appeared for a hearing that was conducted on behalf of HEMPSTEAD.

50.     Over thirty (30) days has since expired without NASSAU remedying, settling, or adjusting this claim.

51.     As a result of the aforementioned, Plaintiff was subjected to bodily harm, extreme emotional distress and mental anguish, night terrors and nightmares, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, placed in grave fear of her safety and life, and lost time from her everyday pursuits.

## COUNT I
## VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS FOR UNLAWFUL IMPRISONMENT (§1983)
### (Against All Defendants)

52.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

53.     That, on or about May 12, 2019, Plaintiff was intentionally and unlawfully detained by Defendant Officer Jack before, during, and after the sexual assault and rape.

54.     The unlawful detention of Plaintiff by Defendant Officer Jack was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of his employment by the HPD.

CA/D229196/FL2818

55.     Plaintiff was aware of her detention.

56.     Plaintiff did not consent to being detained.

57.     Defendants did not have any probable cause to detain Plaintiff.

58.     Plaintiff's detention was not privileged as Defendants lacked probable cause for all and/or part of her detention. In fact, no reasonable officer would agree that there was probable cause for Plaintiff's detention prior to, during, and after the sexual assault and rape.

59.     As a result of her illegal detention, Plaintiff's Fourth and Fourteenth Amendment rights were violated and Plaintiff was unlawfully deprived of her liberty without legal justification.

60.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## COUNT II
## VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS FOR UNLAWFUL FORCE (§1983)
### (Against Defendant Officer Jack)

61.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

62.     The unlawful detention and subsequent sexual assault of Plaintiff by Defendant Officer Jack was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of his employment by the HPD.

63.     Defendant Officer Jack, with willful and malicious intent, violently sexually assaulted and raped Plaintiff while he unlawfully detained her under color of state law.

64.     Defendant Officer Jack's actions were intentionally, recklessly, and/or negligently done to intimidate and did cause Plaintiff physical and emotional distress.

65.     The sexual assault and rape that followed Plaintiff's unlawful detention was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment, and deprived Plaintiff of her liberty. The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

66.     As a proximate result of Defendant Officer Jack's intentional and malicious actions, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D229196/FL2818

## COUNT III
## VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFFS' RIGHTS (1983)
### (Against Defendant Officer Jack)

67.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

68.     The harm to Plaintiff was foreseeable and a direct result of Defendant Officer Jack's conduct in unlawfully detaining and subsequently sexually assaulting and raping Plaintiff without any legitimate basis or any other lawful justification.

69.     Defendant Officer Jack acted in conscious disregard of a great risk of serious harm to Plaintiff by unlawfully detaining Plaintiff and subsequently sexually assaulting and raping her, placing Plaintiff in substantial fear for her health and safety and causing physical and emotional injuries to Plaintiff.

70.     By coercing Plaintiff into his vehicle using the actual and/or apparent authority of the HPD, under color of state law, and subsequently sexually assaulting and raping Plaintiff, Defendant Officer Jack entered into a relationship with Plaintiff in which he created a dangerous situation that only Defendant Officer Jack could control.

71.     Defendant Officer Jack's conduct was intentional, with deliberate indifference, reckless, and/or grossly negligent.

72.     Defendant Officer Jack consciously disregarded a great risk that serious harm would result by unlawfully detaining Plaintiff under color of state law and the actual and/or apparent authority of the HPD, and placing Plaintiff in a dangerous situation that she otherwise would not have been subjected to but for Defendant's conduct.

CA/D229196/FL2818

73.     Defendant Officer Jack was aware and/or it was reasonably foreseeable that his conduct would cause injuries to Plaintiff.

74.     Defendant Officer Jack used his authority to create an opportunity that otherwise would not have existed for harm to occur.

75.     Defendant Officer Jack's conduct in unlawfully detaining and subsequently sexually assaulting and raping Plaintiff constitutes conduct that shocks the conscience and was without any lawful or legitimate basis.

76.     Defendant Officer Jack acted intentionally, with wanton or deliberate indifference, recklessly, and/or grossly negligent to Plaintiff's rights.

77.     As a result of Defendant Officer Jack's willing, wanton, reckless, deliberately indifferent, and grossly negligent conduct, Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated, and she was unlawfully subjected to a dangerous situation directly caused by Defendant's affirmative actions.

78.     As a proximate result of Defendant Officer Jack's intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D229196/FL2818

## COUNT IV
### VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS FOR FAILURE TO PROTECT/INTERVENE (1983)
### (Against Defendants HEMPSTEAD, HPD, and NASSAU)

79.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

80.     Defendants knew that there was a strong likelihood of harm to Plaintiff but failed to take reasonable measures to intervene and prevent the unlawful conduct of Defendant Officer Jack, despite having an opportunity to do so.

81.     Upon information and belief, Defendants were on notice of Defendant Officer Jack's propensity to use his status as a police officer to further his own sick and salacious purposes.

82.     Despite having such knowledge, Defendants failed to take any remedial or preventative measures to deter Defendant Officer Jack from continuing to engage in official misconduct

83.     Had Defendants intervened to stop the unlawful conduct of Defendant Officer Jack, Plaintiff would not have been subjected to the events described herein.

84.     As a result of Defendants' failure to protect and failure to intervene, Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated.

85.     As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions,  Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur

CA/D229196/FL2818

expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**COUNT V**
**FAILURE TO SUPERVISE AND FAILURE TO TRAIN (1983)**
**(Against Defendants NASSAU, HEMPSTEAD, and HPD)**

86.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

87.     The sexual abuse of individuals with prior history of arrests by police officers, including Defendant Officer Jack, is foreseeable.

88.     Defendants NASSAU, HEMPSTEAD, and HPD were responsible for supervising, overseeing, and controlling their subordinates in the HPD, including Defendant Officer Jack.

89.     Defendants NASSAU, HEMPSTEAD, and HPD had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, they had a duty to keep her from being sexually assaulted by their employees, including Defendant Officer Jack, which was foreseeable based upon his past instances of misconduct, which were known to Defendants.

90.     Defendants NASSAU, HEMPSTEAD, and HPD intentionally failed to adequately supervise, control, oversee, train, and/or monitor Defendant Officer Jack who had a history of engaging in official misconduct and failed to implement measures to prevent Defendant Officer Jack and other HPD Officers from conspiring with each other to cover up their official misconduct.

91.     Defendants NASSAU, HEMPSTEAD, and HPD intentionally failed to adequately supervise, control, oversee, train, and/or monitor Defendant Officer Jack and other HPD Officers

from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the constitutional rights of individual citizens, including Plaintiff.

92.     Defendants NASSAU, HEMPSTEAD, and HPD negligently hired, retained, and/or supervised Defendant Officer Jack when they knew or should have known that he posed a threat of sexual abuse to individuals with prior histories of arrests.

93.     Defendants NASSAU, HEMPSTEAD, and HPD knew or should have known of Defendant Officer Jack's propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

94.     Defendants NASSAU, HEMPSTEAD, and HPD owed a duty of care to all persons, including Plaintiff, who were likely to come into the influence of Defendant Officer Jack, in his role as a police officer, to insure that Defendant Officer Jack did not abuse his authority as a police officer to injure citizens by falsely detaining, sexual assaulting, battering, and/or otherwise subjecting them to abuse for no lawful reason.

95.     At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

96.     Upon information and belief, Defendants NASSAU, HEMPSTEAD, and HPD were aware that there was a substantial likelihood that permitting Defendant Officer Jack to carry on his regular duties as a police officer would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong

97.     As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation,

CA/D229196/FL2818

other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees..

<u>COUNT VI</u>
**NEGLIGENT/GROSS NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION (PENDENT)**
**(Against Defendants NASSAU, HEMPSTEAD, and HPD)**

98.      Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

99.      Defendants knew, or were negligent in not knowing, that Defendant Officer Jack posed a threat of sexual abuse to individuals with a prior history of arrests.

100.      Defendants NASSAU, HEMPSTEAD, and HPD, by and through each entity's respective agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known, of Defendant Officer Jack's dangerous and exploitative propensities and/or that Defendant Officer Jack was an unfit agent due to his sexual propensities and prior instances of official misconduct.

101.      Defendants NASSAU, HEMPSTEAD, and HPD, by and through each entity's respective agents, servants, and/or employees failed to implement the proper programs and/or internal guidelines and regulations to adequately screen violent and/or abuse prone officers before they are allowed to continue to perform their full duties as police officers.

102.      The acts of Defendant Officer Jack described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his employment, appointment, and/or agency with Defendants NASSAU, HEMPSTEAD, and HPD.

CA/D229196/FL2818

103.     Defendants NASSAU, HEMPSTEAD, and HPD owed Plaintiff a duty to protect her from Defendant Officer Jack's sexual deviancy and/or to implement the proper programs and/or internal guidelines and regulations to adequately screen police officers who are prone to violence and/or other forms of abuse before allowing them to continue to perform their full duties as police officers.

104.     Defendants NASSAU, HEMPSTEAD, and HPD's willful, wanton, grossly negligent, and/or negligent acts of commission and/or omission, resulted directly and/or proximately caused the damages set forth herein at length.

105.     As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

106.     Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

CA/D229196/FL2818

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

107.   Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

108.   By turning a blind eye toward actual knowledge of Defendant Officer Jack's abuse, by employing Defendant Officer Jack, by choosing to place Defendant Officer Jack in a position wherein he could work unsupervised, Defendants NASSAU, HEMPSTEAD, and HPD caused Plaintiff to be sexually abused.

109.   Defendants NASSAU, HEMPSTEAD, and HPD acted with extreme and outrageous conduct, which intentionally and/or recklessly caused severe emotional distress and bodily harm to Plaintiff.

110.   Defendant Officer Jack, in his sexual grooming and abuse of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when he brutally raped Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

111.   Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendants' intentional and/or reckless, extreme, and/or outrageous conduct.

112.   As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to

CA/D229196/FL2818

incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

113.   Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

**COUNT VIII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(In the Alternative to Count VII, Against Defendants NASSAU, HEMPSTEAD, and HPD)**

114.   Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

115.   By employing Defendant Officer Jack, and by choosing to place Defendant Officer Jack in a position wherein he could work unsupervised in close proximity of vulnerable individuals, Defendants NASSAU, HEMPSTEAD, and HPD caused Plaintiff to be raped. Defendants NASSAU, HEMPSTEAD, and HPD negligently placed Plaintiff in danger of bodily harm and caused Plaintiff to suffer extreme physical injury and emotional distress as a result.

116.   By employing Defendant Officer Jack to work unsupervised in close proximity of vulnerable individuals, Defendants NASSAU, HEMPSTEAD, and HPD subjected Plaintiff to sexual abuse and harassment at the hands of Defendant Officer Jack by allowing him to have ready, unfettered access to vulnerable individuals with whom to gratify his prurient desires, including Plaintiff.

117.   As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life,

CA/D229196/FL2818

sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

118.    Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

## COUNT IX
### ASSAULT
**(Against Defendant Officer Jack)**

119.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

120.    Defendant Officer Jack's physical molestation, abuse, and rape of Plaintiff was entirely unjustified and constitutes an intentional assault upon Plaintiff.

121.    Defendant Officer Jack, by his conduct, placed Plaintiff in fear of imminent harm and offensive conduct.

122.    As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to

CA/D229196/FL2818

incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

## COUNT X
## BATTERY
### (Against Defendant Officer Jack)

123.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

124.    Battery is the intentional wrongful physical contact with another person without consent.

125.    Defendant Officer Jack's intentional physical molestation, abuse, and rape of Plaintiff was entirely unjustified, done without Plaintiff's consent, and constituted a battery upon Plaintiff.

126.    As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, sexually assaulted and raped, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A.      Under the First Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

B.      Under the Second Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

C.      Under the Third Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

D.      Under the Fourth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

E.      Under the Fifth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

F.      Under the Sixth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

G.      Under the Seventh Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

H.      Under the Eighth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

I.      Under the Ninth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

J.      Under the Tenth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

CA/D229196/FL2818

K.      For compensatory damages against all Defendants in an amount to be determined

at trial but in no event less than TEN MILLION DOLLARS ($10,000,000.00);

L.      Such other and further relief as the Court deems just and proper.


Dated: Lake Success, New York
       May 8, 2020


                              **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
                              *Attorneys for Plaintiff*

                   By:    */S/Charles Horn*_____
                              Charles Horn
                              3000 Marcus Avenue, Suite 2E03
                              Lake Success, New York 11042
                              Tel: 516.355.9696