# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| CAROL MCguire | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20-CV-02117 |
| VILLAGE OF HEMPSTEAD, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Nassau County District Attorney's Office
             262 Old Country Road, Mineola, New York 11501
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see annexed Rider

| Place: The Russell Friedman Law Group, LLP<br>400 Garden City Plaza, Suite 500<br>Garden City, New York 11530 | Date and Time:<br><br>09/15/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/02/2021

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Charles Horn
The Russell Friedman Law Group, LLP                                              , who issues or requests this subpoena, are:
400 Garden City Plz, Suite 500, Garden City, NY 11530; 516.355.9696; chorn@rfriedmanlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

RIDER

The records sought are those relating to the Nassau County District Attorney's Office's Public Corruption Bureau's, and/or any Bureau of the Nassau County District Attorney's Office, investigation into the sexual assault and rape of Carol McGuire by Incorporated Village of Hempstead Police Officer Jack Guevrekian occurring on or about May 12, 2019.

In connection therewith provide the following:

1.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between any of the investigating ADA(s) and the Public Corruption Bureau Chief.
2.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between any of the investigating ADA(s), the Public Corruption Bureau Chief and Jed Painter and or the District Attorney.
3.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the investigating ADA(s), the Public Corruption Bureau Chief and the Nassau County Police Department and/or any employee, principal, agent and/or representative of the Nassau County Police Department.
4.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the Nassau County District Attorney, Jed Painter and/or any employee, principal, agent and/or representative of the Nassau County District Attorney and the Nassau County Police Department and/or any employee, principal, agent and/or representative of the Nassau County Police Department.
5.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the Nassau County District Attorney, Jed Painter and/or any employee, principal, agent and/or representative of the Nassau County District Attorney and the Incorporated Village of Hempstead Police Department and/or any employee, principal, agent and/or representative of the Incorporated Village of Hempstead Police Department.
6.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the Nassau County District Attorney, Jed Painter and/or any employee, principal, agent and/or representative of the Nassau County District Attorney and any other law enforcement agency.
7.  Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the Nassau County District Attorney, Jed Painter and/or any employee, principal, agent and/or representative of the Nassau County District Attorney and Jack Guevrekian and/or any agent and/or representative of Jack Guevrekian.

8. Any videos, photographs and/or audio recording relating to the above stated subject matter and/or Nassau County District Attorney's Office's investigation.

9. Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries including jacket file of Detective McHugh and/or any Detective assigned to the Nassau County District Attorney's Detective's Squad.

10. Copies of all JustWare entries or other similar case management system used by the Nassau County District Attorney's Office relating to the above stated subject matter, including but limited to information entered in each and every JustWare report, case notes, file tabs and/or similar entries relating to the above stated subject matter.

11. Copies of all reports, memos, investigator notes, detective notes, interview notes relating to the above stated subject matter.

12. Copies of any interview video/audio recordings relating to the above stated subject matter.

13. Copies of any written statements relating to the stated subject matter.

14. Copies of any evidence collected by the Nassau County District Attorney's Office and/or employee, agent and/or representative of the Nassau County District Attorney's Office relating to the above stated subject matter.

15. Copies of any vouchers and/or receipts evidencing and/or demonstrating evidence collected by the Nassau County District Attorney's Office and/or employee, agent and/or representative of the Nassau County District Attorney's Office relating to the above stated subject matter.

16. Copies of any vouchers and/or receipts evidencing and/or demonstrating evidence collected by the Nassau County District Attorney's Office and/or employee, agent and/or representative of the Nassau County District Attorney's Office relating to the above stated subject matter and the transfer of that evidence to any other law enforcement agency.

17. Copies of any vouchers and/or receipts evidencing and/or demonstrating the destruction and/or disposal of evidence collected by the Nassau County District Attorney's Office and/or employee, agent and/or representative of the Nassau County District Attorney's Office relating to the above stated subject matter.

18. Copies of any vouchers and/or receipts evidencing and/or demonstrating property and/or records received by the Nassau County District Attorney's Office and/or employee, agent and/or representative of the Nassau County District Attorney's Office relating to the above stated subject matter from Carol McGuire.

19. Records, documents, correspondence, e-mails, text messages, hand written notes, calendar entries, diary entries/notations, voicemails and/or file note entries relating to communications between the Nassau County District Attorney's Office and/or any employee, principal, agent and/or representative of the Nassau County District Attorney and any law enforcement agency having jurisdiction over the above stated subject matter.

20. Copies of any disposition memo, record, document, correspondence and/or e-mail relating to the Nassau County District Attorney's Office's decision not to prosecute Jack Guevrekian.

2

STATE OF NEW YORK   )
                      )    ss.:
COUNTY OF NASSAU   )

DIANE MURPHY, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Nassau County, New York.

On September 2, 2021, deponent served the attached

## SUBPOENA TO PRODUCE DOCUMENIS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (to Nassau County District Attorney's Office)

upon the following person(s) herein at the following address(es), by depositing true copies of same enclosed in properly addressed, post-paid wrapper(s), by First-class mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York to:

Nassau County Attorney's Office
One West Street
Mineola, New York 11501

William S. Garry, Esq.
HARRIS BEACH PLLC
The OMNI Building
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553

Kyle Wood, Esq.
REYNOLDS, CARONIA, GIANELLI, & LA PINTA P.C.
200 Motor Parkway, C-17
Hauppauge, New York 11788

_____
DIANE MURPHY

Sworn to before me this
2nd day of September, 2021.

_____
NOTARY PUBLIC

Pablo A. Fernandez
Notary Public, State of New York
No. 02FE6083219
Qualified in Nassau County
Commission Expires November 12, 20 22

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK**
Attorney: The Russell Friedman Law Group, LLP
Address: 400 Garden City Plaza, Suite 500 Garden City, NY 11503

Job #: 1454142

CAROL MCGUIRE,

Civil Action #: 20-cv-02117

Plaintiff

vs

VILLAGE OF HEMPSTEAD, et al.,

Defendant

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**Michael R. Delcore**, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 9/3/2021, at **12:31 PM** at: **262 OLD COUNTRY ROAD, MINEOLA, NY 11501** Deponent served the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13) With Rider**

On: **NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE**, therein named.

Said documents were conformed with index number endorsed thereon.

☒ **#1 Corporation or Partnership or Trust or LLC or Agency or P.C. or Banking Institution or Insurance Company/ Agency**
By delivering thereat a true copy of each to Sean Tobin personally. Deponent knew said entity to be the corporation/partnership /trust /LLC/ agency/ P. C. /banking institution / insurance company/ agency described in said aforementioned document as said defendant and knew said individual to be Employee thereof, authorized to accept on behalf.

☒ **#2 DESCRIPTION**
**Sex**: Male      **Color of skin**: White      **Color of hair**: Brown      **Glasses**: No
**Age**: 36 - 50 Yrs.      **Height**: 5ft 9inch - 6ft 0inch      **Weight**: Over 200 Lbs

☐ **#3 WITNESS FEES**
Subpoena Fee Tendered in the amount of $.

☐ **#4 OTHER**

Sworn to before me on 09/07/2021

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Michael R. Delcore