# EXHIBIT A

March 2, 2023

THE OMNI
333 EARLE OVINGTON BLVD, SUITE 901
UNIONDALE, NEW YORK 11553
516.880.8484

WILLIAM J. GARRY
MEMBER
DIRECT: 516.880.8490
FAX:       516.880.8483
WGARRY@HARRISBEACH.COM

**VIA EMAIL ONLY**

THE RUSSELL FRIEDMAN LAW GROUP
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Attn: Pablo Fernandez, Esq.

      RE:    *Jennilee Tooher v. Village of Hempstead, et al.*, Case No. 21-cv-04268-AMD-JMW
              *Kristen Wilkie v. Village of Hempstead, et al.*, Case No. 22-cv-00920-JMA-JMW
              *Regina Pruitte v. Village of Hempstead, et al.*, Case No. 22-cv-03671-GRB-JMW
              *Jayne Fisher v. Village of Hempstead, et al.*, Case No. 22-cv-03805-JMA-JMW

Dear Pablo:

The purpose of this letter is to outline several deficiencies with Plaintiffs' discovery responses in the Tooher, Wilkie, Fisher, and Pruitte matters that remain unresolved despite our prior letter and meet and confer conference where these issues were discussed.

### *Interrogatories*

First, as we stated in our prior letter, Plaintiffs' responses to interrogatories are still not verified, as is required. *See* Fed. R. Civ. P. 33(b)(5). Obviously, unsworn statements of counsel have no evidentiary value. Please promptly provide verified interrogatory responses.

Second, as we stated in our prior letter, Plaintiffs object to several interrogatories on the basis that they "seek a narrative" and refer to the Plaintiffs' pleadings as the sole/primary response. *See, e.g.*, Wilkie Interrogatory No. 9. This is not a valid objection – Defendants are entitled to a narrative response providing further detail regarding Plaintiffs' allegations. Furthermore, the unverified pleadings are not a substitute for a detailed and sworn statement of what Plaintiffs are alleging occurred with PO Guevrekian, nor do they constitute "business records" for purpose of Fed. R. Civ. P. 33(d). For other interrogatories, after interposing the same objection, Plaintiffs refer to the Nassau County District Attorney production, Complaints, and the Village Defendants' entire document production (*i.e.*, nearly every document in this case). Fed. R. Civ. P. 33(d), which allows a party to produce business records in lieu of a written response, requires that the responding party "specify[] the records . . . in sufficient detail . . . ." Your responses provides no detail whatsoever as to which specific records Plaintiffs allege are responsive to the particular interrogatories. Notwithstanding the fact that we raised this issue in our prior letter, and despite your commitment at our meet and confer conference to address our objections to Plaintiffs' interrogatory responses, the amended interrogatory responses provide no additional detail whatsoever. Fundamentally, the Village Defendants are entitled to receive a sworn statement, under oath, from each of the Plaintiffs describing the incidents upon which their claims are based with far more specificity than is contained

in the pleadings. In certain cases, Plaintiffs has failed to even identify the year when an alleged incident took place, which is obviously prejudicial to the Village Defendants' ability to prepare their defense (*see, e.g.*, Pruitte Compl. ¶¶ 20-23 [alleging conduct occurring at some point during the fourteen-year period from 2006 to 2019]).

Based upon the foregoing, please promptly provide revised responses to the following Interrogatories, certain of which are interrogatories to which Plaintiffs previously erroneously objected pursuant to Fed. R. Civ. P. 33(a)(1):

- Tooher Interrogatory Nos. 1-7, 16-18, and 20
- Wilkie Interrogatory Nos. 1-10, 17-19
- Fisher Interrogatory Nos. 1-9, 18-19
- Pruitte Interrogatory Nos. 1-10, 18-19

Third, several of the interrogatories to which Plaintiffs previously erroneously objected pursuant to Fed. R. Civ. P. 33(a)(1) seek basic information from Plaintiffs, such as the Plaintiffs' addresses during the time-period of their allegations and identification of the medical and/or other providers with whom Plaintiffs sought treatment. Plaintiffs' response that Plaintiffs have provided HIPAA authorizations is inadequate.[1] Even if such information could be entirely gleaned from the HIPAA authorizations (and it cannot), the fact that Plaintiffs have provided HIPAA authorizations does not excuse them from providing sworn answers to these interrogatories. Based upon the foregoing, please promptly provide revised responses to the following Interrogatories.

- Tooher Interrogatory Nos. 14, 19
- Wilkie Interrogatory Nos. 15, 20
- Fisher Interrogatory Nos. 16, 21
- Pruitte Interrogatory Nos. 16, 21

Fourth, one of the interrogatories to which Plaintiffs previously erroneously objected pursuant to Fed. R. Civ. P. 33(a)(1) seeks identification of individuals with knowledge of the facts in the Plaintiffs' pleadings, those individuals' contact information, and the substance/basis of each person's knowledge. Plaintiffs' responses are deficient. Not only is it evident that persons specifically mentioned in the pleadings are not included, the interrogatories fail to provide contact information for any of the non-party witnesses, except, for some, incomplete addresses, and fails to describe the substance/basis of these individuals' knowledge. The Village Defendants note that such information is also covered by Fed. R. Civ. P. 26(a)(1)(a)(i), which Plaintiffs are required to supplement, *see* Fed. R. Civ. P. 26(e). Based upon the foregoing, please promptly provide revised

---

[1] As of this writing, we have not received original authorizations for the Plaintiffs. We cannot process copies of the authorizations since they will undoubtedly be rejected as not being originals.

responses to the following Interrogatories (Tooher Interrogatory No. 21; Wilkie Interrogatory No. 23; Fisher Interrogatory No. 24; Pruitte Interrogatory No. 24).

Fifth, in response to Tooher Interrogatory No. 8, Plaintiff initially objected on the basis that the interrogatory "cannot be responded to as interposed." In response, in our prior letter, the Village Defendants clarified that this interrogatory seeks the following: "State with specificity the facts and circumstances all interactions between Plaintiff Tooher and the Village Defendants or PO Guevrekian on the four separate dates when sexual assaults of Plaintiff Tooher were alleged to have occurred in the Amended Complaint." Plaintiff Tooher failed to amend her response to this interrogatory in response to the clarification or acknowledge that the clarification was provided. Please promptly provide an updated response to this interrogatory.

### *Requests for Production*

Plaintiffs have failed to produce even a single document in response to the Village Defendants' discovery demands. As we indicated in our prior letter, for certain of the requests, you merely state that a "request has been made" for such documents, but, to date, no such documents have been provided, nor have Plaintiffs confirmed that such documents will not be forthcoming. In light of the foregoing, we question whether Plaintiffs have been diligently searching their records for responsive records as they are obligated to do under the Federal Rules. Without waiving any of the Village Defendants' requests for production, there are certain requests to which the Village Defendants strongly believe Plaintiffs have responsive documents, each of which clearly seeks discoverable information:

1. **Communications between and among Plaintiffs concerning the alleged assaults and/or these actions (covered by Fisher Req. Nos. 2-3, 8, 14-17; Tooher Req. Nos. 2, 7, 13-15; Wilkie Req. Nos. 2, 7, 13-14; Pruitte Req. Nos. 2-3, 14-16).**

There is no credible argument that such communications are not relevant to the claims and defenses in these actions. Given the content and coordination of the Plaintiffs' respective pleadings, we believe it highly likely that such communications exist. As stated in the requests, the foregoing request seeks all forms of communications, including, but not limited to, emails, text messages, direct messages sent via social media. Please promptly provide the requested documents or certify that the required diligent search has been performed.

2. **Communications between Plaintiffs and Defendant Guevrekian (covered by Req. Nos. 13; Tooher Req. No. 12; Wilkie Req. Nos. 12, 21; Pruitte Req. No. 13).**

There is no credible argument that such communications are not relevant to the claims and defenses in these actions. Certain of the Plaintiffs even allege that such communications exist (*see, e.g.*, Wilkie Compl. ¶¶ 30). As stated in the requests, the foregoing request seeks all forms of communications, including, but not limited to, emails, text messages, direct messages sent via social

media. Please promptly provide the requested documents or certify that the required diligent search has been performed.

3. **Communications between Plaintiffs and other third parties, including individuals specifically referenced in the pleadings concerning the alleged assaults and/or these actions (covered by Fisher Req. Nos. 2-3, 8, 21; Tooher Req. Nos. 2-3, 7, 10, 14, 16-18; Wilkie Req. Nos. 10, 15-17, 20; Pruitte Req. Nos. 2-3, 7, 20).**

There is no credible argument that such communications are not relevant to the claims and defenses in these actions. Given the content of the pleadings, which describe the conduct of these third-parties, we believe it highly likely that such communications exist. As stated in the requests, the foregoing request seeks all forms of communications, including, but not limited to, emails, text messages, direct messages sent via social media. Please promptly provide the requested documents or certify that the required diligent search has been performed.

4. **Documentation pertaining the alleged assaults and/or other events (*e.g.*, arrests) described in Plaintiffs' pleadings (covered by Fisher Req. Nos. 2-3, 8, 11, 18; Tooher Req. Nos. 2, 7; Wilkie Req. Nos. 2, 7; Pruitte Req. Nos. 2-3, 8, 17-18).**

There is no credible argument that such documentation is not relevant to the claims and defenses in these actions. Furthermore, it strains credulity that the Plaintiffs would not have any records whatsoever concerning at least some of these events, including arrests, which they allege were impactful events in their lives. Please promptly provide the requested documents or certify that the required diligent search has been performed.

5. **Documentation pertaining to Plaintiffs' alleged damages (covered by Fisher Req. Nos. 4, 19-20; Tooher Req. No. 3; Wilkie Req. Nos. 3, 18; Pruitte Req. Nos. 4, 19).**

There is no credible argument that such documentation is not relevant to the claims and defenses in these actions. The provision of HIPAA authorizations does not excuse Plaintiffs from producing responsive records in their possession, custody, and control. Please promptly provide the requested documents or certify that the required diligent search has been performed.

The foregoing is not intended to summarize all of the Village Defendants' objections to Plaintiff's discovery responses in these matters. Upon receipt of the documents and revised responses referenced above, the Village Defendants will indicate any remaining objections to same.

We are available to meet and confer regarding the foregoing at your earliest convenience.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Very truly yours,

/s/ *William J. Garry*

William J. Garry

WJG:drl

cc.    Kyle Wood, Esq.
       Daniel LeCours, Esq.