# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CAROL McGUIRE,

                     Plaintiff,

       -against-

VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD POLICE DEPARTMENT, VILLAGE
OF HEMPSTEAD POLICE CHIEF PAUL
JOHNSON, VILLAGE OF HEMPSTEAD POLICE
OFFICER JACK GUEVREKIAN, VILLAGE OF
HEMPSTEAD POLICE OFFICER JOHN DOES #1-5,
individually,

                    Defendants.
-------------------------------------------------------------------X

DOCKET NO.: 20-CV-02117
(JMA)(SIL)

**DEFENDANTS' SECOND SET
OF DOCUMENTS REQUESTS
TO PLAINTIFF**

**PLEASE TAKE NOTICE**, that Defendants, VILLAGE OF HEMPSTEAD, VILLAGE

OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD POLICE CHIEF

PAUL JOHNSON, VILLAGE OF HEMPSTEAD POLICE OFFICERS JOHN DOES #1-5,

(hereinafter "Village Defendants"), by and through their attorneys, HARRIS BEACH PLLC, in

accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the

United States District Court for the Eastern District of New York, demand that the Plaintiff Carol

McGuire answer under oath this First Set of Document Requests fully and in writing, restating

each interrogatory prior to its corresponding response, on or before April 3, 2023.

## <u>DEFINITIONS</u>

The following definitions apply to these interrogatories:

      A.    As used herein, "McGuire," "You," "Your," and "Plaintiff" shall each mean and

refer to Plaintiff, Carol McGuire, including without limitation all of Your affiliates, and agents,

representatives, employees, consultants, attorneys, entities acting on behalf of Carol McGuire.

B.      As used herein, "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

C.      As used herein, "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

D.      As used herein, "Communication" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium

2

whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

E. As used herein, "Identify" and "Identity" shall each mean:

(a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

(b) as applied to a Person other than a natural person (including but not limited to any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

(c) as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of document, the date of creation of the document, the date of communication of the document, the names and identities of the individuals who drafted, authored, or signed the document or to whom a copy thereof was addressed or sent, a summary of the subject matter of the document, the number of pages of the document, the present whereabouts of the document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the document;

(d)     as applied to a Communication, to state the type of communication, the date and the parties to such communication, and if such communication has been recorded in documentary form, to identify all documents recording such communication.

F.     As used herein, "Information" shall mean information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including, but not limited, to orally, in writing, or via electronic communication.

G.     As used herein, "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, shall mean (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

H.     As used herein, "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation, the year, month, week in a month, or part of a month.

I.     As used herein, "Relate to," "Related to," "Relating to," or "Concerning" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

J.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

K.     As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

L.     Except where the context does not permit, the term "including" shall be without

4

limitation.

M.      Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

N.      Except where the context does not permit, the terms "each" and "any" shall mean any and all.

O.      The term "Amended Complaint" shall refer to the Plaintiff's complaint, dated January 11, 2021.

P.      The term "Amended Answer" shall refer to the Village Defendants answer, dated February 3, 2021.

## INSTRUCTIONS

A.      You are to provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control. If you cannot provide a full and complete response to any request, you should respond to the request to the extent possible, specifying the portion of the request you are unable to answer and providing whatever information you have regarding the unanswered portion.

B.      Any response made by reference to documents shall identify by litigation document control number each responsive document.

C.      If a document is in a language other than English and an English translation exists, provide both documents.

D.      In the event any document is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, identify: (a) the date of the information; (b) the source of the information; (c) names and addresses of all persons to

whom that information was disclosed; and (d) the general subject matter of the information. To the extent such information is contained within a document for which a claim of privilege has been made, you must provide a privileged document list within 10 days of the date upon which answers and objections to these requests are due.

E.    If a document responsive to any request is no longer in your possession, custody or control because it has been discarded, destroyed, or lost for any reason, provide the following information with regard to such document: (a) the date the document was written, prepared, generated or sent; (b) the name(s) and address(es) of the author(s) and any addressee(s); (c) the names and addresses of all persons receiving copies; (d) the subject matter of the document; (e) the reason(s) such document was discarded, destroyed or is no longer in your possession, custody or control; and (f) if discarded or destroyed, the names of those individuals who authorized or approved the decision to discard or destroy such document and the date on which it was discarded or destroyed.

F.    You are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct when first provided. Fed. R. Civ. P. 26(e).

## DOCUMENT REQUEST TO PLAINTIFF

1.    Provide a copy of all communications between Plaintiff and Jennilee Tooher, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

2. Provide a copy of all communications between Plaintiff and Kristen Wilkie, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

3. Provide a copy of all communications between Plaintiff and Regina Pruitte, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

4. Provide a copy of all communications between Plaintiff and Jayne Fisher, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

5. Provide a copy of all communications between Plaintiff and any employee of the Office of the Nassau County District Attorney, including, but not limited to, Robert McHugh, Amanda Burke, and Sarah Nadeau. The foregoing request includes, but is not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

6. Provide a copy of all records obtained by Plaintiff in connection with her own investigation of Defendant Guevrekian, including, but not limited to, the records referenced in the text message sent by Plaintiff to ADA Amanda Burke on or about April 4, 2020 at 4:00 a.m. (pages 517-518 of the file produced by the Office of the Nassau County District Attorney, titled "DISTRICT ATTORNEY BATCH 3").

7. Provide a copy of all communications between Plaintiff and Jade Hauswald regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

8. Provide a copy of all communications between Plaintiff and Michael Lowell regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

9. Provide a copy of all communications between Plaintiff and Gayle Banks regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

10. Provide a copy of all communications between Plaintiff and Sybil Garrett-Leach regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

11. Provide a copy of all communications between Plaintiff and Mauro Zaldana regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

12. Provide a copy of all communications between Plaintiff and Anthony Bailey regarding the allegations in the Amended Complaint, including, but not limited to, emails, text messages, direct messages sent via social media, and other forms of digital communication.

**PLEASE TAKE NOTICE,** that these demands are continuing demands such that if any documents, correspondence, and communication become available after the date of this demand, they are to be produced to the undersigned pursuant to these demands.

**PLEASE TAKE NOTICE** that the Village Defendants hereby reserve their rights to supplement and/or serve additional requests for production upon the Plaintiff up to the time of trial.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to produce the aforesaid documents the undersigned will object, at the trial of this action, to the offering of any evidence by the Plaintiff or any other material contained in such documents.

Dated: March 2, 2023
Uniondale, New York

HARRIS BEACH PLLC
*Attorneys for Defendants*

By: */s/ William J. Garry*
William J. Garry, Esq.
Daniel R. LeCours, Esq.
The OMNI
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
(516)880-8492

To: **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff*
400 Garden City Plaza, Suite 500
Garden City, New York 11530

**REYNOLDS, CARONIA, GIANELLI, LA PINTA, P.C.**
*Attorneys for Defendant Guevrekian*
200 Motor Parkway, Suite C-17
Hauppauge, New York 11788