# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.: 22-CV-03671
(GRB)(JMW)

-------------------------------------------------------------------- X

REGINA PRUITTE,

                                      Plaintiff,

-against-

VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF
HEMPSTEAD POLICE CHIEF PAUL JOHNSON,
individually and in his official capacity, VILLAGE OF
HEMPSTEAD POLICE OFFICER JACK GUEVREKIAN,
individually and in his official capacity, VILLAGE OF
HEMPSTEAD POLICE OFFICER JOHN DOES #1-5,
individually and  in their official capacities,

                                    Defendants.

-------------------------------------------------------------------- X

**PLAINTIFF'S RESPONSE TO VILLAGE DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff, REGINA PRUITTE ("Plaintiff"), by and through her attorneys, The Russell Friedman Law Group, LLP, responds to Village Defendants' First Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

In responding to any Interrogatory Request, Plaintiff neither concedes the relevancy or materiality of the Interrogatory Request, nor of the subject matter to which it refers. Rather, Plaintiff's responses are made expressly subject to, and without in any way waiving or intending to waive, any objection as to the competency, relevancy, or admissibility as evidence of any of the responses given herein.

No incidental or implied admissions are intended by any statement herein.  Plaintiff responds to the each Interrogatory based upon its understanding and reasonable interpretation of the request. To the extent Defendants assert a different understanding or interpretation, Plaintiff reserves the right to supplement or modify its responses and/or objections to the demand.

1

Plaintiff objects generally to this First Set of Interrogatories to the extent they seek information that is not proportional to the needs of the case or necessary to the claims or defenses of the parties and thus is not discoverable under the FRCP.

To the extent this First Set of Interrogatories can be construed as calling for information and/or materials that were prepared in anticipation of litigation or for trial, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, the certified public accountant-client privilege, and/or the attorney work product doctrine, Plaintiff hereby claims the protection of any applicable privilege and objects on that basis.

Plaintiff objects generally to these requests for interrogatories insofar as they are vague, overbroad, unduly burdensome, expensive, oppressive, harassing, and/or better suited through deposition testimony.

Plaintiff generally objects to these this request to the extent they seek information which is readily obtainable from within Plaintiffs' own knowledge or possession or to the extent they seek to impose upon Plaintiff obligations beyond those contained in the FRCP.

The answers and responses to Defendants' Request for Interrogatories are based on information currently known to Plaintiff and are given without waiving Plaintiff's right to use any evidence of any subsequently discovered or identified facts, documents or communications.

Plaintiff expressly reserves its rights to supplement and/or correct any of these responses as necessary.

Each of the foregoing General Objections is incorporated by reference into each of the following Answers and Responses and Specific Objections.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     State with specificity the facts and circumstances surrounding the Plaintiff's claim

that the Co-Defendant Police Officer Guevrekian ("PO Guevrekian") was acting with the actual and/or apparent authority of the Hempstead Police Department ("HPD") as alleged in Plaintiffs Amended Complaint.

**<u>Response</u>**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, in accordance with FRCP 33(d) Plaintiff states: See Complaint *DE1*. Plaintiff further states that Defendant Guevrekian, *inter alia*, invoked and/or asserted his authority as a Hempstead Police Officer during the commission of the unconstitutional conducts and rapes alleged within the Amended Complaint.

2.      State with specificity the facts and circumstances surrounding the Plaintiff's claim that the Village Defendants knew of prior instances of misconduct on behalf of PO Guevrekian and other HPD officers, yet failed to take any action to prevent future instances of misconduct, essentially countenancing their behavior as alleged in Plaintiffs Complaint.

**<u>Response</u>**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, in accordance with FRCP 33(d) Plaintiff states: see bates stamped documents HPD-000001 through HPD000790 produced by Village Defendants; see also Plaintiff Complaint [DE1]; Plaintiff further states that on information, Village Defendants were well aware of prior instance of misconduct and inappropriate behavior towards female victims by Defendant Jack Guevrekian and failed to investigate and/or discipline. In addition, on information, Village Defendants knew and/or had information that Defendant

3

Jack Guevrekian was mentally unstable and unfit for duty as police officer.

3. State with specificity the facts and circumstances surrounding the Plaintiff's claim on how the Village Defendants proximately caused the claimed injuries to Plaintiff, how it was foreseeable that PO Guevrekian, and/or other HPD officers, would continue to use their position as police officers to further their horrid and salacious acts as alleged in the Plaintiffs Amended Complaint.

**Response**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, in accordance with FRCP 33(d) Plaintiff states: see bates stamped documents HPD-000001 through HPD000790 produced by Village Defendants; see also Plaintiff Complaint [DE1]. Plaintiff further states, see response 2 above.

4. State with specificity the facts and circumstances surrounding the Plaintiffs claim that the Village Defendants failed to take any action to terminate PO Guevrekian's employment, instead assigning him to desk duty, which entitled him to his full salary, while contributing to the prurient environment within HPD as alleged in Plaintiffs Complaint.

**Response**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, see responses 2 and 3 above.

5. State with specificity the facts and circumstances surrounding the Plaintiff's claim that several years immediately preceding "between on or about 2013 and August 2019," PO Guevrekian, while employed as a police officer by the HPD, engaged in a "continuous and ongoing

course of salacious conduct and criminal wrongdoing throughout the Village of Hempstead" as alleged in the Plaintiff's Complaint.

<u>**Response**</u>

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, see responses 2 and 3 above. Village Defendants are further referred to the Complaint in the matters entitled *N'Daya Lee v. Inc. Village of Hempstead, et al.,* 14-CV-2853 (ADS)(GRB); *Carol McGuire v. Village of Hempstead*, et al., 21-CV-04268 (AMD)(JMW); *Kristin Wilke v. Inc. Village of Hempstead, et al.,* 2:22-cv-00920 (JMA)(JMW); *Jennilee Tooher v. Inc. Village of Hempstead, et al.,* 2:21-cv-4268 (AMD)(JMW); *Jayne Fisher v. Inc. Village of Hempstead, et al.,* 2:22-cv-03805 (JMA)(JMW).

6.      State with specificity the facts and circumstances surrounding the Plaintiff's claim that for several years immediately preceding "between on or about 2013 and August 2019," "PO Guevrekian, while employed as a police officer by the HPD, sexually assaulted numerous citizens within the Village of Hempstead, including but not limited to, citizens he came in contact with during his official duties as an HPD police officer" as alleged in the Plaintiff's Complaint.

<u>**Response**</u>:

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, see responses 2 and 3 above. Village Defendants are further referred to the Complaint in the matters entitled *N'Daya Lee v. Inc. Village of Hempstead, et al.,* 14-CV-2853 (ADS)(GRB); *Carol McGuire v. Village of Hempstead*, et al., 21-CV-04268

(AMD)(JMW); *Kristin Wilke v. Inc. Village of Hempstead, et al.,* 2:22-cv-00920 (JMA)(JMW); *Jennilee Tooher v. Inc. Village of Hempstead, et al.,* 2:21-cv-4268 (AMD)(JMW); *Jayne Fisher v. Inc. Village of Hempstead, et al.,* 2:22-cv-03805 (JMA)(JMW).

7.      Set forth the name, address, phone number and social media information of the "other victims" that the Co-Defendant PO Guevrekian allegedly sexually assaulted as alleged in the Plaintiff's Complaint.

**Response:**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, see responses 2 and 3 above. Village Defendants are further referred to the Complaint in the matters entitled *N'Daya Lee v. Inc. Village of Hempstead, et al.,* 14-CV-2853 (ADS)(GRB); *Carol McGuire v. Village of Hempstead,* et al., 21-CV-04268 (AMD)(JMW); *Kristin Wilke v. Inc. Village of Hempstead, et al.,* 2:22-cv-00920 (JMA)(JMW); *Jennilee Tooher v. Inc. Village of Hempstead, et al.,* 2:21-cv-4268 (AMD)(JMW); *Jayne Fisher v. Inc. Village of Hempstead, et al.,* 2:22-cv-03805 (JMA)(JMW)..

8.      State with specificity the encounters between Plaintiff and PO Guevrekian from "September 2006 through sometime in 2013" as alleged in the Complaint.

**Response:**

Plaintiff objects to the interrogatory as improper, vague and ambiguous, overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: Village Defendants are referred

6

to the Complaint [DE1].

9. State with specificity the facts and circumstances surrounding the Plaintiff's interaction with Village Defendants and/or Defendant Jack Guevrekian on the dates in "between on or about 2013 and August 2019" when the sexual assaults of Plaintiff are alleged to have taken place.

**Response**:

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: Defendants are referred to the Complaint [DE1].

10. Set forth a statement as to whom, the time, date, circumstances, location, persons present when the Plaintiff first reported she was sexually assaulted by the Co-Defendant Jack Guevrekian.

**Response**:

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: see records and videos transmitted under separate cover via OneDrive obtained from the NCDA.

11. Identify any and all law enforcement entities or other governmental agencies with whom Plaintiff discussed and/or provided information/documentation regarding the subject matter of the Complaint and, for any such interaction, indicate the date the interaction occurred and describe the substance of the discussion or information/documentation provided.

**Response**:

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to

particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: see records and videos transmitted under separate cover via OneDrive obtained from the NCDA.

12.     State with specificity whether or not the Plaintiff had any prior injuries and/or physical ailments sustained prior to "between on or about 2013 and August 2019" as alleged in Plaintiff's Complaint. If the answer to this demand is in the affirmative, set forth:

        a.     the nature of the Plaintiffs prior injuries and/or physical ailments;

        b.     the facts and circumstances surrounding the cause of the Plaintiffs prior injuries and physical ailments;

        c.     whether the Plaintiff underwent any medical procedures, treatment and/or examinations as a result of the prior injuries and/or physical ailments; and

        d.     state with particularity the portion of the Plaintiffs body that sustained prior injuries and/or physical ailments.

**Response**:

Plaintiff objects to the interrogatory as overbroad, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: she has not sustained injuries of a similar nature as alleged in the Complaint.

13.     State with specificity what Plaintiff was arrested for and whether or not the Plaintiff has ever been charged with any criminal acts and/or omissions with respect to the events alleged in Plaintiff's Complaint. If the answer to this demand is in the affirmative, set forth:

        a.     the nature of the criminal charges;

        b.     the date of the criminal charges;

        c.     whether or not the Plaintiff was convicted; and

d. the judicial outcome of the criminal charges.

**Response**:

Plaintiff objects to the interrogatory as improper, not proportionate to the needs of the case, overbroad, not relevant, not limited in time or scope, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: request has been made and upon receipt of relevant non-privileged documents, if any, same will be produced.

14. State with specificity whether or not the Plaintiff has ever been charged with any criminal acts and/or omissions in addition to those identified in response to Interrogatory No. 12 above. If the answer to this demand is in the affirmative, set forth:

a. the nature of the criminal charges;

b the date of the criminal charges;

c. whether or not the Plaintiff was convicted, and

d. the judicial outcome of the criminal charges.

**Response**:

Plaintiff objects to the interrogatory as overbroad, not relevant, not limited in time or scope, seeks a narrative and fails to particularize the information being sought. Notwithstanding and without waiving the foregoing objections, Plaintiff states: request has been made and upon receipt of relevant non-privileged documents, if any, same will be produced.

15. State with specificity the injuries allegedly received by Plaintiff and a description of those that are claimed to be permanent and the length of time and dates Plaintiff was confirmed to:

a. hospital(s);

b. bed;

c. home;

d. in the event Plaintiff was confined to a hospital or treated at a hospital, give the name, address, and date of each treatment for each hospital involved;

e. in the event Plaintiff sought treatment by any physicians, psychiatrists or other medical providers, give the name, address, and date of each treatment for each physician, psychiatrist, and medical provider involved.

**Response:**

Plaintiff objects to the interrogatory as overbroad, not limited in time or scope, seeks a narrative, fails to particularize the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Notwithstanding and without waiving the foregoing objections, Plaintiff states: Plaintiff further states that as a result of the injuries sustained and subsequent trauma, Plaintiff has suffered depression; addiction; anxiety; nervousness; insomnia; loss of appetite; irritability; shock; loss of energy; fatigue; headaches; weight fluctuation; all of which varies in frequency, intensity, and duration. Plaintiff has required, continues to require and will require in the future and on a permanent basis, repeated hospitalizations, continuous medical care and monitoring, medications, confinements and/or various modalities of therapy; associated and concomitant impairments and negative effects upon Plaintiff's pre-trauma enjoyment of life, day-to-day existence, activities, functions and involvements in relationships; limitations and diminution of associated functions, activities, vocation, avocation and/or other activities in which Plaintiff engaged prior to the underlying trauma; inability to resume and/or maintain pre-trauma social relationships, contacts, activities and/or participations; associated pains,

10

disabilities, discomforts, impairments, impediments and/or limitations of functions and/or activities; the injuries, manifestations and sequelae are, upon information and belief, chronic; additionally, with advancing years, there may be naturally and medically related complications, deteriorations and exacerbations, which may cause additional pain, discomfort, disability and/or loss of enjoyment of life.

16. Identify each and every medical provider who rendered medical services to the plaintiff pertaining to the alleged events of December 2017 through July 2018. Include for each medical provider:

        a.     the dates of each treatment

        b.     the nature of the treatment rendered/received

        c.     the medical condition(s) treated

        d.     the date the medical condition commenced and the date it concluded

        e.     whether any treatment is ongoing

**Response**:

Plaintiff objects to the interrogatory as overbroad, not limited in time or scope, seeks a narrative, fails to particularize the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

17. Describe with specificity the damages, physical and/or emotional, suffered by the Plaintiff because of the Village Defendants alleged in the Amended Complaint.

**Response:**

Plaintiff objects to the interrogatory as overbroad, not limited in time or scope, seeks a

narrative, fails to particularize the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

18.     State with specificity the role each of the Defendants played in causing the Plaintiffs injury as stated in the allegations set forth in Plaintiffs Complaint.

**Response:**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative, fails to identify the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

19.     State with specificity the facts to support the Plaintiffs claim that the Defendant, Village of Hempstead is liable to the Plaintiff under the case of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658,691 (1978).

**Response:**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative, fails to identify the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

20.     Set forth a statement of all proof to establish that the Plaintiff's claimed injuries of the incidents of "between on or about 2013 and August 2019" were caused by a policy or custom

of the Village Defendants.

**Response:**

Plaintiff objects to the interrogatory as overbroad, seeks a narrative, fails to identify the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

21.     Set forth the names and addresses of all facilities that the Plaintiff has resided in from 2006 to present.

**Response:**

Plaintiff objects to the interrogatory as overbroad, nor proportionate to the needs of the case, fails to identify the information being sought and improper in that the interrogatory is violative of FRCP 33(a)(1) and seeks documentary evidence. Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

22.     Provide copies of all documentary evidence/proof that establishes that the Village Defendants had in place a policy statement, ordinance, regulation or decision officially adopted and promulgated to violate the constitutional rights of the Plaintiff as alleged in the Complaint.

**Response:**

Plaintiff objects to the interrogatory as overbroad, fails to identify the information being sought, not limited in time or scope and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks

to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

23. Identify all persons who witnessed and/or have knowledge or information of the circumstances of surrounding any interaction between Plaintiff and the Village Defendants relating to the allegations in the Complaint, including, but not limited to, correspondence and communication between Plaintiff and any employee of the Village of Hempstead regarding the alleged events of "between on or about 2013 and August 2019" as alleged in Plaintiff's Complaint.

**Response:**

Plaintiff objects to the interrogatory as overbroad, fails to identify the information being sought, not limited in time or scope and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

24. Identify all individuals with knowledge of the facts alleged in the Complaint, their home and business address(es) and phone number(s); and for each individual, set forth the substance and basis of his/her knowledge.

**Response:**

Plaintiff objects to the interrogatory as overbroad, fails to identify the information being sought, not limited in time or scope and improper in that the interrogatory is violative of FRCP 33(a)(1). Plaintiff further objects on the basis that Defendant improperly seeks to serve additional written interrogatories and as such Plaintiff objects to this interrogatory as improper under Fed. R. Civ. P. 33 (a)(1).

**PLEASE TAKE NOTICE**, that the Plaintiff reserves the right to supplement and/or amend these responses up to and including the time of trial should any additional information become known to the defendant subsequent to these responses.

Dated: Garden City, New York
November 18, 2022

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff*

By:    /S/ *Pablo A. Fernandez*
Pablo A. Fernandez, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
pfernandez@rfriedmanlaw.com

To:

**HARRIS BEACH PLLC**
William J. Garry, Esq.
333 Earle Ovington Blvd.
Suite 901
Uniondale, New York 11553
516.880.8490

**REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.**
Kyle Wood, Esq.
200 Motor Parkway, Suite C-17
Hauppauge, New York 11788
631.231.1199

**VERIFICATION**

STATE OF NEW YORK    )
                                   )    ss:
COUNTY OF NASSAU    )

REGINA PRUITTE, being duly sworn, deposes and says:

I am the Plaintiff in the above entitled action. I have read the foregoing Amended Response to Defendant's Interrogatories and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
REGINA PRUITTE

Sworn to before me this
14th day of April 2023.

_____
NOTARY PUBLIC

DIANE E. MURPHY
Notary Public. State of New York
No. 01MU6226702
Qualified in Nassau County
Commission Expires August 16. 2026