

400 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: 516.355.9696
Fax: 516.355.9697
Direct Dial: 516.355.9628
Direct Fax: 516.355.9660
paf@hornwright.com

**Pablo A. Fernandez, Esq.**
Partner

September 22, 2025

**VIA ECF ONLY**
Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re.:    *McGuire v. Inc. Village of Hempstead*
               2:20-cv-02117 (JMW)
               *Pruitte v. Inc. Village of Hempstead*
               2:22-cv-03671 (JMW)

Dear Judge Wicks:

      Horn Wright, LLP represents Plaintiffs Carol McGuire and Regina Pruitte in connection with the above-referenced matters. Please accept this letter motion as Plaintiffs' motion *in limine* seeking to preclude Defendant Guevrekian from testifying at the trial as well as precluding several of Defendants' proposed trial exhibits.

      "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *EEOC v. United Health Programs of Am., Inc.*, No. 14-CV-3673 (KAM)(JO), 2017 WL 10088567, at *1 (E.D.N.Y. Sept. 4, 2017) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

      Under Federal Rule of Evidence 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "District courts have broad discretion to balance probative value against possible prejudice." *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

FRCP 37(c) states that "[i]f a party fails to provide information or identify a witness as required by FRCP 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Defendant Guevrekian refused to answer any substantive questions relating to this litigation during his deposition. Instead, Defendant Guevrekian invoked his 5th Amendment right against self-incrimination. He cannot now use the 5th Amendment as both a shield and a sword and offer testimony at trial that he refused to give during discovery. Allowing Guevrekian to testify at trial, without an opportunity for Plaintiffs to depose him, would be highly prejudicial. *Speedfit LLC v. Woodway USA, Inc.*, 13-CV-1276 (KAM)(AKT), 2020 WL 130423, at *5 [E.D.N.Y. Jan. 9, 2020].

Village Defendants' Exhibits A and B/Defendant Guevrekian's Exhibits A and B should be precluded as inadmissible hearsay. These Exhibits are the interview notes authored by Nassau County Investigator Robert A. McHugh from interviews with both Plaintiffs. The adverse party statement exception is inapplicable as these are not direct statements from Plaintiffs and, instead, are through the lens of Investigator McHugh and how he chose to write them down. As such, they are inadmissible and should be precluded. See *United States v. Scali*, No. 16-CR-466, 2018 WL 604852, at *3 (S.D.N.Y. Jan. 29, 2018) (finding that third-party statements recounted in law enforcement notes were inadmissible hearsay), aff'd, 820 F. App'x 23 (2d Cir. 2020)

Plaintiff McGuire withdraws her objection to Village Defendants' Exhibit C and Defendant Guevrekian's Exhibit C, November 21, 2019, Memorandum of the Office of the District Attorney of Nassau County titled "PC 19-55 – HPD Sex Assault Investigation".

Lastly, Village Defendants' Exhibits E, F, and G and Defendant Guevrekian's Exhibits E (NYSID Report), F (Information – Accusatory Instrument), and G (Probation Warrants) should be precluded as unduly prejudicial. In pertinent part, Rule 609(a)(1)(a) provides that, for impeachment purposes, convictions for "a crime that ... was punishable ... by imprisonment for more than one year ... must be admitted, subject to Rule 403[.]" *Id.* In interpreting the language "subject to Rule 403," the Second Circuit has found that Rule 609(a)(1)(a) "requires district courts to admit the name of a conviction, its date, and the sentence imposed *unless* the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quoting Fed. R. Evid. 403) (emphasis added). "In 'balancing the probative value against prejudicial effect under Rule 609, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.'" *Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, at *2 (N.D.N.Y. July 12, 2018) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (additional citations omitted)). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United*

*States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "As to the first balancing factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness'[s] propensity to testify truthfully, all felonies are not equally probative of credibility." *Mancucci v. Paterniani*, No. 1:17-CV-01255, 2025 WL 295029, at *3 (N.D.N.Y. Jan. 24, 2025) (citing *Estrada*, 430 F.3d at 617-18). The proposed Exhibits revolve around Plaintiff McGuire's criminal history. The Exhibits detail not only Plaintiff McGuire's convictions but also numerous arrests and a host of information that is not relevant. It is worth noting that none of the arrests ultimately resulted in a felony conviction, and a vast majority were for drug offenses, which have minimal bearing on Plaintiff McGuire's credibility. The Exhibits serve no purpose other than to taint the jury with the idea that Plaintiff McGuire is a criminal undeserving of their sympathy. Therefore, the Exhibits should be precluded.

Thanking the Court for its time and consideration, I remain

Respectfully,
**HORN WRIGHT, LLP**

By: */s/ Pablo A. Fernandez*
Pablo A. Fernandez

cc: All Parties (via ECF Only)