Case 2:20-cv-02117-JMW    Document 111    Filed 09/25/25    Page 1 of 7 PageID #: 680

FILED
CLERK
9/25/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CAROL McGUIRE,

                    *Plaintiff*,

      -against-

VILLAGE OF HEMPSTEAD, *et al.*,

                    *Defendants*.
----------------------------------------------------------------------X
REGINA PRUITTE,

                    *Plaintiff*,

      -against-

VILLAGE OF HEMPSTEAD, *et al.*,

                    *Defendants*.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-02117 (JMW)

22-CV-03671 (JMW)

**A P P E A R A N C E S:**

    Pablo A. Fernandez
    **Horn Wright, LLP**
    400 Garden City Plaza, Suite 500
    Garden City, NY 11530
    *Attorney for Plaintiffs*

    William J. Garry
    **Harris Beach PLLC**
    333 Earle Ovington Blvd., Ste. 901
    Uniondale, NY 11553
    *Attorney for Defendants Village of Hempstead, Village of Hempstead Police Department, Village of Hempstead Police Chief Paul Johnson, Village of Hempstead Police Officer John Does #1-5*

1

Anthony M. LaPinta
**Reynolds, Caronia, Gianelli & La Pinta P.C.**
200 Vanderbilt Motor Parkway, Ste C-17
Hauppauge, NY 11788
*Attorneys for Jack Guevrekian*

**WICKS**, Magistrate Judge:

Plaintiffs Carol McGuire and Regina Pruitte (collectively, "Plaintiffs") each commenced actions against Defendants Village of Hempstead ("Hempstead"), Village of Hempstead Police Department ("HPD"), and Village of Hempstead Police Chief Paul Johnson ("Chief Johnson") (collectively the "Village Defendants"), and Defendant Jack Guevrekian ("Guevrekian"). These cases are now saddling up for trial. The Court held a Pretrial Conference on August 11, 2025, where the parties filed a proposed Joint Pretrial Order ("JPTO") and disagreed as to the inclusion of certain witnesses not previously disclosed. The Court in turn set a briefing schedule to address the issues. (*See* ECF No. 59[1].)

Before the Court are one of those motions, specifically a Motion to Compel by Village Defendants to permit the testimony of Kevin Colgan ("Colgan"), the former Assistant Chief of the HPD, identically filed in both cases. *See* 20-CV-2117 (ECF No. 102) and 22-cv-3671 (ECF No. 60). Plaintiffs oppose this testimony (*see* 20-CV-2117 (ECF No. 103-04); 22-CV-3671 (ECF No. 61-62)), but Guevrekian does not. (20-CV-2117 (ECF No. 105); 22-CV-3671 (ECF No. 63).) The Village Defendants also submitted a reply in support. (20-CV-2117 (ECF No. 110); 22-CV-3671 (ECF No. 68).) For the reasons that follow, the Village Defendants' Motions to Compel (20-CV-2117 (ECF No. 102); 22-CV-3671 (ECF No. 60)) are **GRANTED**, and Colgan is permitted to testify at trial under the circumstances set forth below.

---

[1] For ease of reference, citations will be made throughout this Order to *Pruitte v. Village of Hempstead, et al.*, Case No. 22-CV-3671, unless otherwise noted.

## **THE LEGAL FRAMEWORK**

"[A] party must, without awaiting a discovery request, provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses…." Fed. R. Civ. P. 26(a)(1)(A)(i). These so-called "initial disclosures" don't cease once made. Rather, this obligation continues throughout litigation, namely, to supplement.

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court.

Fed. R. Civ. P. 26(e).

The Federal Rules make clear that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added).

In order to determine whether testimony should be permitted after a party's failure to disclose as required by Rule 26, courts undertake an analysis applying the following factors:

(1) the party's explanation for the failure to comply with the discovery [obligation];

(2) the importance of the testimony of the precluded witness;

(3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and

(4) the possibility of a continuance.

*Bovell v. City of Mount Vernon, New York*, No. 21-CV-1621 (AEK), 2023 WL 3559544, at *10 (S.D.N.Y. May 18, 2023) (citing *Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020)).

Wide discretion lies with the District Court when determining preclusion. *See McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, No. 19-CV-6471 (DLI) (ST), 2024 WL 4349476, at *5 (E.D.N.Y. Sept. 30, 2024); *Design Strategy. Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006). It is within this legal framework that the Court analyzes the motion as to Colgan.

## DISCUSSION

The Village Defendants seek permission to add Colgan, former Assistant Chief of the HPD (until his retirement in September of 2022) as a trial witness. (ECF No. 60 at 1.) The Village Defendants assert Colgan's identity was disclosed in the proposed JPTO (ECF No. 59 at 10) and in a supplemental Rule 26 disclosure that was served on August 20, 2025. (ECF No. 60 at 1.) Colgan would testify to the actions taken by the Department as he held his position when Plaintiff McGuire made her allegations. (*Id.*) Colgan also placed Guevrekian on desk duty, took his badge and gun away and later placed Guevrekian on leave. (*Id.*) Plaintiffs object to Colgan as a witness because Colgan was never formally identified until "the eve of trial". (*See* ECF No. 61.) Defendant Guevrekian does not object. (ECF No. 63.)

"The purpose of the [Rule 26] is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (quoting *Ebewo v. Martinez,* 309 F.Supp.2d 600, 607 (S.D.N.Y.2004)). "Many courts in this Circuit ... have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)[.]" *Badolato v. Long Island Rail Rd. Co.*, No. 14-CV-1528 (AKT), 2016 WL 6236311, at *4 (E.D.N.Y. Oct. 25, 2016) (quoting *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012)). "Rather, to satisfy Rule 26, parties

4

must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Id.* (quoting *id.* at 73.) "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness." *Pal v. New York Univesity*, No. 06 Civ. 5892, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citing *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires the disclosure to be "not merely that a person is a potential source of information, but that the party may call upon him to provide it.")).

However, and relevant here, supplemental disclosures are "only necessary when the omitted or after-acquired information has not otherwise been made known to the parties during the discovery process." *Howard Univ. v. Borders*, No. 20-CV-04716 (LJL), 2022 WL 3568477, at *2 (S.D.N.Y. Aug. 17, 2022) (citations omitted) (collecting cases); *see also Koral v. Saunders*, No. 17-CV-7011 (JS)(AYS), 2025 WL 1332017, at *3 (E.D.N.Y. May 7, 2025) (discussing that pursuant to Rule 26(e), supplemental disclosures are not required when documents produced during discovery included the relevant information).

Applying the factors for preclusion under the circumstances presented leads to the inescapable conclusion that such a harsh remedy is not warranted here. *See McDonald's Corp.*, 2024 WL 4349476, at *5 ("Courts have the discretion to preclude evidence ….") First, the Village Defendants did not fail to meet their discovery obligations as document production illustrates that emails with Colgan were produced on August 19, 2021 (ECF Nos. 60 at 2; 60- 1) which Plaintiff does not dispute (*see* ECF No. 61). Second, Colgan is indeed a material percipient witness. His testimony will provide the jury with information as to the actions taken by Colgan and the HPD. (ECF No. 60 at 1.) Thus, Colgan's proposed testimony is highly relevant to the matters at hand. Information "is relevant if: '(a) it has any tendency to make a fact

5

more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  That test is met here.

Third, Plaintiffs do not argue prejudice. *See Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quoting *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995) ("Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure.")).

Accordingly, Colgan will be allowed to testify, but *only* as a percipient or fact witness to the extent of his personal knowledge and his actions and perceptions.  He will not be considered a 30(b)(6) witness, and his testimony shall not be cumulative of any designated HPD 30(b)(6) witnesses.

In addition, to avoid any potential prejudice to Plaintiffs, Colgan's deposition may be taken prior to the start of trial. *See Sealy v. Gruntal & Co.*, No. 94-CV-7948 (KTD)(MHD), 1998 WL 698257, at *3 (S.D.N.Y. Oct. 7, 1998) ("In any event, with respect to each of the eight witnesses, there are remedial measures far less drastic than preclusion that would protect plaintiff from any conceivable unfair prejudice. Specifically, plaintiff may be authorized to conduct depositions … [to] prepare for their trial testimony.") Notably, the Village Defendants are ready to "make Colgan available for deposition before trial if requested by Plaintiffs." (ECF No. 68 at 2.) As for the last factor, possibility of continuance, that is impracticable given the proximity to the trial date nor has any party requested so. *See Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) ("A delay of the trial might have cured that prejudice, but … there was no request for an adjournment.").  The trial will proceed as scheduled.

The JPTO was filed on August 8, 2025, which is within the timeframe allotted for pre-trial submissions. *See* Fed. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.") This coupled with the above demonstrates no basis to preclude Colgan's testimony. *See Design Strategies, Inc. v. Davis*, 228 F.R.D. 210, 212 (S.D.N.Y. 2005) (quoting *Am. Stock Exch. LLC*, 215 F.R.D. at 93 ("Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.'")); *see also Design Strategies, Inc.*, 228 F.R.D. at 212 ("Court concludes that Rule 37(c)(1)'s automatic preclusionary sanction is not triggered because there is no basis on the record before the Court on which to find that permitting Grieco to testify would unjustly harm Design.")

Accordingly, Plaintiffs may depose Colgan if they so wish within ten days, and Colgan will be allowed to testify but only to the extent of his personal knowledge and not that of a 30(b)(6) witness.

## CONCLUSION

For the foregoing reasons, the Village Defendants' Motions to Compel in 20-CV-2117 (ECF No. 102) and 22-cv-3671 (ECF No. 60) are **GRANTED**. Plaintiffs are afforded an opportunity to depose Colgan within the next ten (10) days in preparation for trial.

Dated: Central Islip, New York
September 25, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge