

400 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: 516.355.9696
Direct Dial: 516.355.9628
Direct Fax: 516.355.9660
paf@hornwright.com

**Pablo A. Fernandez, Esq.**
Partner

October 2, 2025

**VIA ECF ONLY**
Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re.: ***McGuire v. Inc. Village of Hempstead***
       2:20-cv-02117 (JMW)
       ***Pruitte v. Inc. Village of Hempstead***
       2:22-cv-03671 (JMW)

Dear Judge Wicks:

  Horn Wright, LLP represents Plaintiffs Carol McGuire and Regina Pruitte in connection with the above-referenced matters. This letter is written in opposition to Defendant Guevrekian's motion *in limine* [DE 108].

  I. PL-19, PL-21, PL-23, and PL-28 ARE ADMISSIBLE

  For the sake of judicial economy, Plaintiffs incorporate the arguments made in their opposition to Village Defendants' motion *in limine* [DE 109] with respect to these challenged exhibits.

  II. PLAINTIFFS SHOULD BE ALLOWED TO CALL THE CHALLENGED WITNESSES

  Although the challenged witnesses were not listed in Plaintiffs' Rule 26(a) Initial Disclosures, their identities and relevance to the case were made known to Defendants while discovery was ongoing.

  With respect to the Robert McHugh and Edward Maley (collectively, referred to as "Nassau DA Witnesses"), the file from the Nassau County District Attorney's Office relating to Plaintiff McGuire's complaint against Defendant Guevrekian was exchanged with Defendants in June of 2022, over three years prior to the submission of the pre-trial order. In the DA file, the Nassau DA Witnesses appear in various places including Defendants' Exhibits A, B, and C. On or about February 8, 2024, Village Defendants served their own Subpoena upon the Nassau County District Attorney's Office which resulted in the redisclosure of the same witnesses. The Nassau DA Witnesses' testimony is extremely probative in this matter as they were witness to Plaintiff McGuire's contemporaneous complaints about the conduct giving rise to this action. Additionally, Defendants are seeking to introduce records authored by the Nassau DA Witnesses, specifically on

their respective exhibit lists, Exhibits A, B, C, and D instead of actually calling the witnesses so the context for the writings would be missing and the jury would be unable to assess the credibility of the authors.

With respect to the Daniel J. Schmidt and Samantha Alessi, in his motion papers seeking a stay of this action, Defendant Guevrekian admits that he was aware of the U.S. Witnesses as far back as March of 2024 [McGuire-DE 80 and 84; Pruitte-DE 39 and 43]. In the same letter, Defendant Guevrekian admits that he was informed that the United States Attorney's Office was in the process of an ongoing criminal investigation that parallels the claims in Plaintiffs' civil actions and that additional evidence was obtained via a court-ordered warrant. *Id*.

With respect to Crissana Loraine Goldfarb, she was disclosed as another victim of Defendant Guevrekian to Defendants in Plaintiff Pruitte's Second Amended Response to Village Defendants' First Set of Interrogatories, which was served upon Defendants back in August of 2023, along with her address.

Michael Nolan was disclosed during Plaintiff McGuire's 50-h hearing [32:7-11] and was identified as her attorney that was present with her when she made the criminal complaint against Defendant Guevrekian. Plaintiff McGuire's 50-h hearing was held on October 10, 2019. The 50-h hearing transcript was further part of Plaintiff McGuire's document disclosure. In addition, Michael Nolan is identified in the Nassau County District Attorney Memorandum of November 21, 2019. Village Defendants' Exhibit C. In that Memo, Michael Nolan is identified as the complainant's [Plaintiff McGuire] attorney.

Victoria Birnbaum was disclosed by Village Defendants in their document production. HPD-000022. Victoria Birnbaum was the victim of Defendant Guevrekian's assault on September 15, 2004. HPD-000023.

It is well-established that "the obligation to supplement a Rule 26 initial disclosure is 'only necessary when the omitted or after-acquired information has not otherwise been made known to the other parties during the discovery process.'" *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013). Indeed, Fed. R. Civ. P. 26(e)(1)(A) expressly provides that supplementation only necessary "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Since the challenged witnesses were known to Defendants, they are not subject to preclusion under Rule 26. See *Koral v. Saunders*, No. 17-CV-7011 (JS)(AYS), 2025 WL 1332017, at *3 (E.D.N.Y. May 7, 2025) (collecting cases where nondisclosure of witnesses known by the opposing party or revealed in discovery did not warrant preclusion at trial). Indeed, "the Advisory Committee notes to Rule 37(c)(1) provide examples of what can be considered 'harmless,' and one of those examples, as here, is late disclosure 'of a potential witness known to all parties.'" *Koral*, 2025 WL 1332017, at *4 (E.D.N.Y. May 7, 2025). As in *Koral*, Defendants could have sought a deposition of the challenged witnesses but elected not to do so. *See Id.*

III.     PLAINTIFFS ARE ALLOWED TO SUBMIT EVIDENCE THAT INCLUDES DEFENDANT GUEVREKIAN'S PRIOR ACTS

As more fully briefed in Plaintiffs' opposition to Village Defendants' motion *in limine* the exhibits that reference prior acts of Defendant Guevrekian are not being submitted to prove the truth of the matters contained therein or to show impermissible character evidence.Rather, Plaintiffs seek to admit or refer to the exhibits for the fact that is was sent and received and for the effect it had on the recipients *i.e.* Village Defendants. *See Datskow v. Teledyne Continental Motors Aircraft Prods.*, 826 F.Supp. 677, 684-85 (W.D.N.Y.1993) (admitting letters "for the limited purpose of showing notice [and] knowledge on behalf of [the defendant]" and explaining that the letters were not hearsay because they were not offered to show the truth of their contents).

IV.     PLAINTIFFS SHOULD BE ALLOWED TO REFERENCE OTHER VICTIMS

Rule 415 of the Federal Rules of Evidence provides that "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault ... the court may admit evidence that the party committed any other sexual assault." Fed. R. Evid. 415(a). "The evidence may be considered as provided in Rules 413 and 414." *Id.*

Rules 413 and 415, together with Rule 414, are congressionally-enacted exceptions to the "general ban against propensity evidence." *United States v. Schaffer*, 851 F.3d 166, 177 (2d Cir. 2017) (internal quotation marks omitted). Thus, "[u]nlike Federal Rule of Evidence 404(b), which allows prior bad act evidence to be used for purposes *other than* to show a defendant's propensity to commit a particular crime," *id*. at 177 (emphasis in original), Rules 413 and 415 permit a jury to consider evidence of a different sexual assault "precisely to show that a defendant has a *pattern or propensity for committing sexual assault*," *id*. at 178 (emphasis added). *See also id*. at 177-78 ("Rule 413 permits the jury to consider the evidence 'on any matter to which it is relevant.' " (quoting Fed. R. Evid. 413(a))).

Congress "considered knowledge that the defendant has committed [sexual assault] on other occasions to be critical in assessing the relative plausibility of sexual assault claims and accurately deciding cases that would otherwise become unresolvable swearing matches." *Id.* at 178 (alterations adopted) (internal quotation marks omitted). "[T]he practical effect of Rule 413 [and Rules 414 and 415] is to create a presumption that evidence of prior sexual assaults is relevant and probative" in cases based on sexual assault. *Id.* at 180.

Here, all of the dismissed matters involve sexual assaults committed in a similar fashion to the assaults on Plaintiffs, and therefore should be allowed to be presented at trial.

V.     PLAINTIFFS SHOULD BE ALLOWED TO REQUEST A SPECIFIC DOLLAR AMOUNT FROM THE JURY

The Second Circuit has "not adopted a per se rule about the propriety of suggested damage amounts." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).     Instead,    the decision to suggest a dollar amount "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including

cautionary jury instructions." *See id.* Here, given that the lack of a *per se* rule about the propriety of such suggestions, at this juncture, the Court should not prohibit Plaintiff from presenting a suggested figure for past and future economic loss. If, during trial, it becomes apparent that a suggested amount will be unduly prejudicial, the Court could set appropriate limits via a curative instruction to alleviate any potential confusion by the jury.

VI. **PLAINTIFFS ARE NOT SEEKING MORE THAN GARDEN VARIETY EMOTIONAL DISTRESS FOR PSYCHOLOGICAL DAMAGES**

Plaintiffs agree that they are limited to only seeking garden variety emotion distress with respect to their claimed psychological damages

For the reasons stated herein, Defendant Guevrekian's motion should be denied in its entirety.

Thanking the Court for its time and consideration, I remain

        Respectfully,
        **HORN WRIGHT, LLP**

By:   */s/ Pablo A. Fernandez*
       Pablo A. Fernandez

cc:    All Parties (via ECF Only)