FILED
CLERK

**10/9/2025**

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROL McGUIRE,

                                    *Plaintiff,*

                                                                              **MEMORANDUM
                                                                              AND ORDER**

                                                                              20-CV-02117 (JMW)

                    -against-

VILLAGE OF HEMPSTEAD, *et al.,*

                                    *Defendants.*
------------------------------------------------------------------X
REGINA PRUITTE,

                                    *Plaintiff,*

                                                                              22-CV-03671 (JMW)

                    -against-

VILLAGE OF HEMPSTEAD, *et al.,*

                                    *Defendants.*
------------------------------------------------------------------X

**A P P E A R A N C E S:**

> Pablo A. Fernandez
> **Horn Wright, LLP**
> 400 Garden City Plaza, Suite 500
> Garden City, NY 11530
> *Attorney for Plaintiffs*
>
> William J. Garry
> **Harris Beach PLLC**
> 333 Earle Ovington Blvd., Ste. 901
> Uniondale, NY 11553
> *Attorney for Defendants Village of Hempstead, Village of Hempstead Police Department, Village of Hempstead Police Chief Paul Johnson, Village of Hempstead Police Officer John Does #1-5*

1

Anthony M. LaPinta
**Reynolds, Caronia, Gianelli & La Pinta P.C.**
200 Vanderbilt Motor Parkway, Ste C-17
Hauppauge, NY 11788
*Attorneys for Jack Guevrekian*

**WICKS**, Magistrate Judge:

Plaintiffs Carol McGuire and Regina Pruitte (collectively "Plaintiffs") each commenced actions against Defendants Village of Hempstead ("Hempstead"), Village of Hempstead Police Department ("HPD"), and Village of Hempstead Police Chief Paul Johnson ("Chief Johnson") (collectively the "Village Defendants"), and Defendant Jack Guevrekian ("Guevrekian"). Before the Court are a series of motions in limine seeking preclusion of evidence, identically filed in both cases by each of the parties. *See* 20-CV-2117 (ECF Nos. 106-08) and 22-cv-3671 (ECF Nos. 64-66). Oppositions were filed (*see* 20-CV-2117 (ECF Nos. 114-18); 22-CV-3671 (ECF Nos. 72-76)), as well as replies (*see* 20-CV-2117 (ECF Nos. 121-23); 22-CV-3671 (ECF Nos. 79-81).) In addition to the motions in limine, the Court is likewise tasked with Guevrekian's application to exclude certain witnesses from testifying at trial. *See* 20-CV-2117 (ECF Nos. 105) and 22-cv-3671 (ECF Nos. 63). The Village Defendants and Plaintiffs were directed to file their positions as to these witnesses, which they did. (*See* 20-CV-2117 (ECF Nos. 112-13); 22-CV-3671 (ECF Nos. 70-71).)

For the reasons that follow, (i) the Motions in Limine (20-CV-2117 (ECF Nos. 106-08; 22-CV-3671 (ECF No. 64-66)) are **GRANTED in part** and **DENIED in part**, and (ii) Guevrekian's application (20-CV-2117 (ECF No. 105); 22-CV-3671 (ECF No. 63)) is **GRANTED in part** and **DENIED in part**, as set forth below.[1]

---

[1] For ease of reference, citations will be made throughout this Order to *Pruitte v. Village of Hempstead, et al.*, Case No. 22-CV-3671, unless otherwise noted.

## THE LEGAL FRAMEWORK

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Sohnen v. Charter Commc'ns, Inc.*, 761 F. Supp. 3d 556, 564 (E.D.N.Y. 2025) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).

Courts may preclude evidence "only when the evidence is clearly inadmissible on all potential grounds." *Russo v. Nat'l Grid, USA*, No. 23-CV-03954 (NCM) (TAM), 2025 WL 2711522, at *1 (E.D.N.Y. Sept. 23, 2025) (quoting *Picard v. Sage Realty*, Nos. 20-cv-10109, 20-cv-10057, 2021 WL 5826295, at *2 (S.D.N.Y. Dec. 8, 2021)). However, parties are cautioned that as the trial continues, rulings may change because "the district court's ruling 'constitutes a preliminary determination in preparation for trial.'" *Id.* (quoting *Busher v. Barry*, No. 14-CV-04322, 2019 WL 6895281, at *2 (S.D.N.Y. Dec. 18, 2019)); *Quinton v. Am. Express Co.*, No. 19-CV-566 (NGG) (JRC), 2025 WL 1994848, at *2 (E.D.N.Y. July 17, 2025) (same). Courts determine admissibility and exclusion of evidence pursuant to the Federal Rules of Evidence.

Fed. R. Evid. 402 informs the Court that non-relevant evidence is inadmissible. To be relevant, the proffered evidence should have "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid 401; *see also N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 754 F. Supp. 3d 373, 378 (E.D.N.Y. 2024) (same). This relevancy rule has a "low threshold," one that is "easily satisfied." *Rosas v. Miri Gen. Contracting Inc.*, 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025) (citing *United States v. Garnes*, 102 F.4th 628, 638 (2d Cir. 2024)). However, the admissibility of relevant evidence may be challenged. Courts use the balancing test set forth in Fed. R. Evid. 403 to determine preclusion – that is, relevant evidence may be precluded "if its

3

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## DISCUSSION

The parties seek exclusion of exhibits, testimony, as well as other relief. The Court analyzes each in turn.

### A. Motions to Exclude Exhibits or Other Non-Testimonial Evidence
#### a. Village Defendants' Motion (ECF No. 64)

Village Defendants seek to exclude four trial exhibits that Plaintiffs proposed, specifically (i) a 2004 report from non-party Nassau County Crime Stoppers (Plaintiffs' Exhibit 19); (ii) a December 6, 2004 report by the Institute of Rational Counseling (Plaintiffs' Exhibit 21); (iii) handwritten notes recorded by investigators from the Nassau County District Attorney's Office ("NCDAO") (Plaintiffs' Exhibit 23); and (iv) a New York City Civilian Complaint Review Board "NYPD Officer History" report for Defendant Guevrekian (Plaintiffs' Exhibit 28), on grounds of inadmissible hearsay and Fed. R. Evid. 403. (ECF No. 64 at 1.) Defendant Guevrekian joins this request. (ECF No. 66 at 2.)

Plaintiffs' position is that for Exhibits 19 and 21, these documents are offered not for the truth of the matters asserted therein but rather to show these documents were received by Village Defendants and to show the effect it had on them as well as to prove notice of Guevrekian's misconduct. (ECF No. 74 at 2-3.) As for Exhibit 23, Plaintiffs write that the police report may be offered under the business record exception or, if the witnesses are to testify, then to refresh their recollection. (*Id.* at 3.) Lastly, for Exhibit 28, Plaintiffs contend the document is more probative than prejudicial. (*Id.*)

*i.*   ***Plaintiffs' Exhibit 19***

Plaintiffs' Exhibit 19 is a Nassau County Crime Stoppers report that contains allegations of Guevrekian's misconduct. (*See* ECF No. 64-1.)

Hearsay is an "out-of-court statement[ ] offered to prove the truth of the matter asserted." *United States v. Kandic*, 134 F.4th 92, 103 (2d Cir. 2025) (quoting *Smith v. Arizona*, 602 U.S. 779, 785 (2024)).  However, evidence is not considered hearsay, and is therefore not excludable as such, when offered for a reason other than proving a matter is true, such as demonstrating notice or the effects the statement had on the listener.  *See e.g., United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) ("[A] statement is not hearsay where [ ] it is offered, not for its truth, but to show that a listener was put on notice"); *DeNigris v. New York City Health & Hosps. Corp.*, 552 F. App'x 3, 6 (2d Cir. 2013) ("Where statements are offered to show their effect on a listener's state of mind, they are not hearsay"); *McDonald's Corp. v. Vanderbilt Atl. Holdings LLC,* No. 19-CV-6471 (DLI) (ST), 2025 WL 1826346, at *3 (E.D.N.Y. July 1, 2025) (quoting *United States v. Watson*, No. 23-CR-00082 (EK), 2024 WL 4455773, at *2 (E.D.N.Y. May 31, 2024) ("[E]vidence introduced to prove the listener's knowledge, or to show that a listener was put on notice, is not hearsay")).

A review of the proposed exhibit and the motion papers reveals that Exhibit 19 is not sought for the truth therein. Rather, Exhibit 19 is offered to prove that Village Defendants were on notice of Guevrekian's alleged misconduct. (ECF No. 74 at 2.) Indeed, the contents of Exhibit 19 are not a narrative of the factual allegations in the instant matters but rather refer to a complaint that occurred in 2004. (*See* ECF No. 64-1.) Because Plaintiffs bring claims for negligent hiring and supervision against the Village Defendants, notice and/or knowledge is an element required to be proven. *See Concepcion v. United States*, No. 23-CV-9219 (NGG) (TAM), 2025 WL 2638469, at *13 (E.D.N.Y. Sept. 12, 2025) (collecting New York cases)

5

(discussing elements of negligent training or supervision which include notice or knowledge); *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 146, 161 (Bankr. S.D.N.Y. 2023) (same). Thus, relevancy is met. Defendants' remaining argument for exclusion of this Exhibit is based on hearsay, and the purpose provided by Plaintiffs removes it from the hearsay bucket. Since **Plaintiffs' Exhibit 19** is non-hearsay it is **admissible** and may be used at trial for purposes of **notice only**.

### ii. *Plaintiffs' Exhibit 21*

Plaintiffs' Exhibit 21 is a letter dated December 6, 2004, and signed by Joseph A. Stassi, Executive Director the Institute of Rational Counseling in connection with an evaluation performed on Guevrekian following a misconduct complaint. (*See* ECF No. 64-2.) Although Plaintiffs aver that this exhibit is to prove notice and the effect on Village Defendants upon receipt, the Court is not so convinced. (ECF No. 74 at 2.) First, Plaintiffs have not established what this document provides as to notice. The blanket statement that this Exhibit "is relevant to the issue of whether or not Village Defendants had notice of Defendant Guevrekian's alleged misconduct," is insufficient. (*Id.*) Second, this document is considered hearsay because to determine if it provides "notice", the jury will necessarily have to consider the truth of the matter asserted therein—that there was a complaint filed, which required a referral to the institute. Third, even assuming it gets passed a hearsay exception such as a business record, which is unlikely, a Rule 403 analysis would exclude the exhibit. The Court finds little to no probative value of this document as (i) the full details of the alleged misconduct were not provided to the evaluator, (ii) the evaluation was not conducted under regular protocols, and (iii) the relevance here is unclear. (*See* ECF No. 64-2.) Therefore, **Plaintiffs' Exhibit 21** is **excluded.**

### iii.  *Plaintiffs' Exhibit 23*

Plaintiffs' Exhibit 23 is listed as "Nassau County District Attorney's Investigation Notes"

on the proposed Joint Pretrial Order ("JPTO") and characterized as handwritten notes by

Defendants. (*See* ECF Nos. 58 at 13; 64 at 3; 64-3.) Plaintiffs offer this exhibit as a business

record (Fed. R. Evid 803(6)[2]) or alternatively, as a public record (803(8)[3]).

However, upon review of the proposed exhibit, the Court is uncertain as to who the

author is as there are different names on certain pages, the notes appear to be taken on various

---

[2] Fed. R. Evid. 803(6) states:

A record of an act, event, condition, opinion, or diagnosis if:
(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

To that end, Fed. R. Evid. 902(11) regarding authenticity provides that certified domestic records must meet the requirements of 803(6)(A)-(C) by certification of the custodian or another qualified witness, and the proponent must give notice of the intent to offer such a record as well as make the record available for inspection prior to trial or a hearing. *See* Fed. R. Evid. 902(11).

[3] Fed. R. Evid. 803(8) states:

A record or statement of a public office if:
(A) it sets out:
(i) the office's activities;
(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

dates, and its authenticity as required either under Rule 803(8) or 902(11) is not met. *See United States v. Conde*, 134 F.4th 82, 88 (2d Cir. 2025) (discussing when a court may admit a record).

In addition, Plaintiffs have not demonstrated that such an investigative file is a document that is a regular practice. Likewise, Plaintiffs fail to address an issue of double-hearsay – the report itself and the contents therein. "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted *but that statements made by third persons under no business duty to report may not.*" *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) (quoting *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) (emphasis in original)); *see also Rodriguez v. Mod. Handling Equip. of NJ, Inc.*, 604 F. Supp. 2d 612, 622 (S.D.N.Y. 2009) (internal citations omitted) ("Nugent's report relies on statements from non-parties, … gathered by Nugent in his investigation, which also constitute hearsay within hearsay. Fed. R. Evid. 805. … The statements must fall into one of the enumerated exceptions to the hearsay rule under Rule 803 if they are to come in.").

Accordingly, **Plaintiffs' Exhibit 23** is **excluded**.

### iv. *Plaintiffs' Exhibit 28*

Plaintiffs' Exhibit 28 is a New York City Civilian Complaint Review Board "NYPD Officer History" report for Guevrekian, also known as a "CCRB". (*See* ECF No. 64-4.) When CCRBs are requested to be admitted, there is a distinction between whether the document is substantiated or unsubstantiated. However, the "fact that CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable, but if the allegations before the CCRB are wholly unrelated to the actions alleged in the complaint, their relevance is too tenuous to allow discovery." *Gibbs v. City of N.Y.*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (collecting cases); *Reyes ex rel. Reyes v. City of New York*, No. 00-CV-2300 (SHS), 2000 WL 1528239, at *1 (S.D.N.Y. Oct.

16, 2000) (same); *see also Daniels v. City of New York*, No. 13-CV-6286 (PKC), 2014 WL 325934, at *1 (S.D.N.Y. Jan. 27, 2014) (discussing that unsubstantiated reports are reviewed on "case-specific factors"). Moreover, the Second Circuit prompts a 403 analysis here. *See Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 197 (D. Conn. 2009) (citing *Berkovich v. Hicks,* 922 F.2d 1018, 1023 (2d Cir. 1991) ("The Second Circuit has held that evidence of civilian complaints is properly excluded on Rule 403 grounds where those complaints have been properly investigated and have been found to be unsubstantiated.")).

Here, the document itself contains limited information as to a complaint from an incident that allegedly occurred on August 28, 2002. (ECF No. 64-4.) According to this CCRB, it is unsubstantiated, and the disposition of the allegations is left blank, which leaves the Court and later, the jury to speculate. (*Id.*) Indeed, the CCRB is over twenty years old, has nothing to do with HPD and is not offered for a non-hearsay reason. The arguments made for its inclusion merely discuss that the probative value outweighs the prejudicial effect (*see* ECF No. 74 at 3), and vice-versa for its exclusion (*see* ECF No. 64 at 4). Given the above, the Court does not find the probative value of allowing this Exhibit and is concerned that it would mislead the jury rather than aid their analysis.[4] To that end, all Defendants would be harmed if the jury is left to speculate. (*See* ECF No. 64 at 4.) Therefore, the prejudicial impact outweighs any probative value leading to the conclusion that this Exhibit will not be permitted.

Accordingly, only **Plaintiffs' Exhibit 19** is **admissible**, and **Exhibits 21, 23, and 28** are **excluded.**

---

[4] Plaintiffs attempt to allude to admitting this evidence pursuant to Fed. R. Evid. 405, which allows for introducing evidence of a person's character or trait when it is an essential element. *See* Fed. R. Evid. 405(b). As negligent supervision or retention requires notice, Plaintiffs aver that this exhibit shows that the prior complaint from 2002 put Village Defendants on notice. (ECF No. 74 at 3.) However, as established, the probative value does not outweigh the prejudicial effect. *See* Fed. R. Evid. 403.

### b. *Plaintiffs' Motion (ECF No. 65)*

#### i. *Village Defendants' Exhibits A and B*

Plaintiffs seek to preclude Defendants' Exhibit A and B as inadmissible hearsay. (ECF No. 65 at 2.) Exhibit A is an Interview Memorandum of Carol McGuire prepared on June 6, 2019, by Robert A. McHugh ("McHugh"). (ECF No. 58 at 13.) Exhibit B is an Interview Memorandum of Regina Pruitte prepared on May 26, 2020, by McHugh. (*Id.*) However, Defendant Guevrekian has withdrawn these exhibits (*see* ECF No. 66 at 7); Village Defendants have not (*see* ECF No. 72 at 1). Village Defendants assert that these interviews fall under the exceptions for hearsay and in addition to that, will be used for impeachment purposes only, as Plaintiffs have changed their stories. (*Id.* at 2-3.)

Exhibits A and B contain out-of-court statements provided by Plaintiffs to McHugh. These documents contain double hearsay. First, the memorandums themselves are notes taken by McHugh constituting one level of hearsay. Second, the third-party statements provided by Plaintiffs to McHugh add yet another level of hearsay. In order to be admitted, both must fit into a hearsay exception or exclusion. *See Little v. Cnty. of Nassau*, 708 F. Supp. 3d 252, 264–65 (E.D.N.Y. 2023) (citations omitted) ("Police reports contain double hearsay—i.e., the first level being the report itself, and the second level the hearsay in the document. Double hearsay is admissible if each level of hearsay satisfies a hearsay exception."); *see also Sec. & Exch. Comm'n v. AT&T, Inc.*, 626 F. Supp. 3d 703, 735 (S.D.N.Y. 2022) (citing Fed. R. Evid. 805) ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.")

Village Defendants contend that these exhibits meet the business record exception (803(6)) and the statements themselves by Plaintiffs are opposing party statements (801(d)(2)).

10

(ECF No. 72 at 1-3.) The Court agrees that Plaintiffs' statements within the exhibits are considered opposing party statements. *See Spiegel v. Schulmann*, 604 F.3d 72, 82 (2d Cir. 2010) ("Federal Rule of Evidence 801(d)(2) specifically provides that a statement is not hearsay if it is offered against a party and is either (A) the party's own statement, in either an individual or a representative capacity or ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.")

The Second Circuit "favors the admission of evidence rather than its exclusion if it has any probative value at all," in connection with business records. *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (internal citations omitted). However, at the outset, the Court notes that these proposed exhibits were not provided to the Court. Furthermore, Defendants have offered no declaration or affidavit supporting that these documents were made at or near the time of the events, that they were made and kept in the regular course of business, that making these records was a regular practice, and that an affidavit or declaration from a custodian or other qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification. *See* Fed. R. Evid. 803(6). Furthermore, Plaintiffs and McHugh are expected to take the stand and may be questioned as to the facts and circumstances surrounding the interviews. Although the notes may be used to refresh recollection of witnesses on the stand, **Exhibits A and B** are **not admissible**.

### ii. *Defendants' Exhibit C*

Next, Plaintiff McGuire withdraws her objection to Defendants' Exhibit C, and all Defendants have withdrawn this Exhibit. (*See* ECF Nos. 65 at 2; 66 at 7; 72 at 1.) Exhibit C is a Memorandum of the Office of the NCDAO titled "PC 19-55 – HPD Sex Assault Investigation" from Nadeau-Balducci to Christine Maloney, Bureau Chief, and Rob Cavallo, Deputy Bureau

Chief dated November 21, 2019. (*Id.* at 13-14.) Therefore, this is now moot and **Exhibit C** will **not be admitted** at trial.

### iii.    *Exhibit E*

Plaintiffs seek to preclude Defendants' Exhibits E because it is "unduly prejudicial." (ECF No. 65 at 2-3.) Guevrekian has withdrawn Exhibit E, but Village Defendants have not. (*See* ECF Nos. 76 at 1; 72 at 3.) Village Defendants assert that they should be able to use a report that contains Plaintiff McGuire's records of convictions to at least show truthfulness. (ECF No. 72 at 3.) In particular Village Defendants state that Plaintiff McGuire's prior petit larceny convictions should be permitted. (*Id.*) The Court again has not been provided with this exhibit.

Fed. R. Evid. 609 in relevant part states that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2). It follows, therefore, "[c]rimes that come under Rule 609(a)(2) are 'automatically admissible' for impeachment purposes as they bear on a witness's propensity to testify truthfully." *Monroe v. Town of Haverstraw*, 639 F. Supp. 3d 459, 464 (S.D.N.Y. 2022). Village Defendants attempt to introduce crimes of petit larceny. However, the Second Circuit when evaluating Rule 609, does not recognize such prior convictions when it comes to truthfulness. *See United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (internal citations omitted) ("The use of the second prong of Rule 609(a) is thus restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes). It follows that crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within this clause.");

*Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at *7 (S.D.N.Y. Sept. 4, 2024) (collecting cases) ("'[C]rimes of force, such as armed robbery or assault,' as well as 'crimes of stealth, such as burglary,' do not require proving an element of a dishonest act or false statement and thus do not come within the ambit of Rule 609(a)(2)."); *Dougherty v. Cnty. of Suffolk*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *3 (E.D.N.Y. Apr. 20, 2018) ("Convictions for … petit larceny have been deemed to fall outside the ambit of this rule"). Thus, Rule 609(a)(2) does not apply, and Village Defendants have not proffered any other theory of admissibility. Accordingly, **Exhibit E** is **excluded**.

### iv. *Exhibit F and G*

Plaintiffs likewise sought to preclude Defendants' Exhibits F and G because these documents are "unduly prejudicial." (ECF No. 65 at 2-3.) At this stage, all Defendants withdrew these exhibits. (ECF Nos. 72 at 3; 76 at 1.) Therefore, this part of the motion is now moot and **Exhibits F** and **G** will **not be admitted** at trial.

### c. *Defendant Guevrekian's Motion (ECF No. 66)*

Defendant Guevrekian also seeks preclusion of (i) any testimony or evidence of prior or subsequent allegations regarding misconduct or disciplinary history of Guevrekian, (ii) referencing the related actions that have been dismissed, and (iii) any ask of a specific dollar amount from the jury by Plaintiffs. (ECF No. 66 at 3-6.) Moreover, Guevrekian asserts that any emotional damages claim should be limited to the "garden-variety" type. (*Id.* at 6.)  The Village Defendants join in these requests. (ECF No. 73 at 1-2.)

### i. *Prior or Subsequent Allegations and Related Actions*

Plaintiffs state that any evidence that includes Guevrekian's prior acts should be included for non-hearsay purposes such as notice or effect on the listener. (ECF No. 75 at 3.) Guevrekian

cites to Plaintiffs' Exhibit 28, which this Court has already concluded *supra* is inadmissible. Without any other specific exhibits to analyze, this request is simply not ripe for decision.

However, the Court notes that as for any related actions or references to other alleged victims, Fed. R. Evid. 415 is instructive. Rule 415 states that in civil cases where "relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation. The evidence may be considered as provided in Rules 413 and 414." Fed. R. Evid. 415. Indeed, Rule 415 is broad and allows evidence that otherwise and usually would not be admitted. *See Carroll v. Trump*, 124 F.4th 140, 154 (2d Cir. 2024) (citations omitted) (emphasis in original) ("Rules 413 and 415 permit a jury to consider evidence of a different sexual assault 'precisely to show that a defendant has a *pattern or propensity for committing sexual assault*,' … Rule 413 permits the jury to consider the evidence 'on any matter to which it is relevant.'") "That is, like its companions, Rules 413 and 414, Rule 415 'reflects an exception in [cases involving] sex crimes to the common law practice of excluding propensity evidence.'" *Boyce v. Weber*, No. 19-CV-3825 (JMF), 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (quoting *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018)). Fed. R. Evid. 403 still applies if the otherwise admissible evidence is found more prejudicial than probative. *See Carroll v. Trump*, 141 F.4th 366, 391 (2d Cir. 2025).

Here, the crux of this case is the alleged sexual assaults by Guevrekian. (*See generally*, ECF No. 33.) Thus, relevancy is satisfied and such evidence would likely be admissible under Rule 415. (*See* ECF No. 66 at 5.) Even applying the Rule 403 analysis, evidence of other victims or the now-closed related actions is highly probative to Plaintiffs' cases. *See Doe v. Gooding*, No. 20-CV-06569 (PAC), 2023 WL 3805836, at *2 (S.D.N.Y. June 2, 2023) ("Nor does Rule 403 warrant exclusion or any of the women's testimony. The prior acts are sufficiently similar to

14

Plaintiff's allegations because all involve sudden sexual assaults or attempted sexual assaults connected with the Defendant….")

Guevrekian's argument that any probative value is outweighed by the prejudice Defendant would suffer is unavailing. Guevrekian does not outline what prejudice he would suffer and Rule 415's broad definitions found in Rule 413 inform the Court otherwise. In any event, the jury could have a limiting instruction as to what to consider, if the parties move for such, which at this juncture no party has. *See* Fed. R. Evid. 105; *see also United States v. Fox*, No. 23-CR-227 (NGG), 2025 WL 2076664, at *20 (E.D.N.Y. July 23, 2025) ("The court will provide a limiting instruction if so requested."); *see also Lewis v. City of Albany Police Dep't*, 547 F. Supp. 2d 191, 200 (N.D.N.Y. 2008), *aff'd*, 332 F. App'x 641 (2d Cir. 2009) (finding the probative value of prior complaints coupled with a limiting instruction, outweighed any prejudice).

Accordingly, Plaintiffs **are permitted to introduce evidence of prior sexual allegations or related actions** in accordance with Fed. R. Evid. 415.

## ii. _Specific Dollar Amount Request_

Guevrekian next requests that no specific dollar amount should be mentioned to the jury when determining damages. (ECF No. 66 at 6.) Plaintiffs oppose. (ECF No. 75 at 3.)

The Second Circuit has yet to adopt a "per se rule about the propriety of suggested monetary awards for pain and suffering." *White v. CSX Transportation, Inc.*, No. 19-CV-500 (SR), 2024 WL 3522493, at *1 (W.D.N.Y. July 24, 2024) (citing *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996)). That is because jurors might be misled to believing that the number provided is a result of legal authority. *Id.* Some Courts have followed a more "flexible approach" that is, a

discretionary basis to allow specific dollar amounts so long as the jury is cautioned not to be unduly influenced by such a figure. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997) ("It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions."); *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) ("Consequently, the court will not permit plaintiff to submit to the jury a specific dollar amount regarding his damages for pain and suffering. The court will, however, allow plaintiff to submit to the jury a specific dollar amount regarding other compensable damages he allegedly suffered if he presents admissible evidence to support a finding of such damages during his case in chief.").

As such, Plaintiffs may not request a specific dollar amount for any pain or suffering damages that they seek. *See Kalyna v. City of New York*, No. 16-CV-00273 (CLP), 2018 WL 11361019, at *9 (E.D.N.Y. Sept. 11, 2018) (precluding counsel from recommending numbers for pain and suffering to the jury). However, as to past economic and compensable losses, if any – not pain and suffering – Plaintiffs would be permitted to request specific sums that are established by sufficient evidence for the jury to consider, which the Court will consider at the close of evidence prior to summations. *See Milien v. City of New York - Dep't of Educ.*, No. 20-CV-480 (MKB), 2024 WL 4333657, at *9 (E.D.N.Y. Sept. 27, 2024) ("As to other compensable damages, the Court reserves decision until trial.") And, out of an abundance of caution, the Court, if necessary, "will instruct the jury, as it always does, that statements by lawyers are not evidence or the law that they are to follow when they begin their deliberations." *Edwards v. City of New York*, No. 08-CV-2199 (TLM), 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011).

Therefore, **specific dollar amounts for pain and suffering are not permitted**.

### iii. _Garden Variety Emotional Damages_

Next, Guevrekian contends that any emotional damages claim should be limited to the "garden-variety" type. (ECF No. 66 at 6.) Plaintiffs do not dispute this nor do Plaintiffs seek other damages apart from the garden variety[5]. (ECF No. 75 at 4.) Therefore, this portion of the motion is moot now and if there are verdicts for Plaintiffs on emotional damages, that may be addressed in post-trial motions.

## B. Motions to Exclude Witnesses and Testimony
### a. _Defendant Guevrekian's Motion (ECF No. 66)_

Guevrekian asks that certain witnesses be precluded from testifying at trial. (ECF No. 66 at 3.) Village Defendants join in for the same reasons. (ECF No. 73.)

For clarity, in Guevrekian's opposition to a recently decided motion to compel (_see_ ECF Nos. 60, 69), he requested that the Court exclude witnesses McHugh, Detective Investigator for NCDAO; Edward Maley ("Maley"), Detective Investigator for NCDAO; Sarah Nadeau-Balducci ("Nadeau-Balducci"), former Assistant District Attorney for Nassau County; Daniel J. Schmidt

---

[5] The Second Circuit awards emotional damages one of three ways: garden-variety, significant or egregious. _See Olsen v. Cnty. of Nassau_, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009).

> In garden-variety claims, the evidence of emotional harm is limited to the plaintiff's testimony, which describes his of her injuries in vague or conclusory terms, and fails to relate the severity or consequences of the injury. These claims typically lack extraordinary circumstances and are not supported by medical testimony. Significant emotional distress claims are based on more substantial harm or offensive conduct and may be supported by medical testimony, evidence of treatment by a healthcare professional, and testimony from other witnesses. Egregious emotional distress claims yield the highest awards and are warranted only where the employer's conduct was outrageous and shocking....

_DeCurtis v. Upward Bound Int'l, Inc._, No. 09-CV-5378 (RJS), 2011 WL 4549412, at *4 (S.D.N.Y. Sept. 27, 2011) (internal citations omitted). The general range for such awards are $30,000 to $125,000. _See e.g., Nnebe v. Daus_, No. 06-CV-4991 (RJS), 2024 WL 4182600, at *5 (S.D.N.Y. Sept. 13, 2024); _Fresh Air for Eastside, Inc. v. Waste Mgmt. of New York, L.L.C._, No. 18-CV-6588 (FPG), 2023 WL 6121169, at *9 (W.D.N.Y. Sept. 19, 2023); _Wonzer v. Hernandez_, No. 20-CV-10836 (JLR) (JW), 2023 WL 4841899, at *3 (S.D.N.Y. July 28, 2023).

("Schmidt"), FBI Agent; and Samantha Alessi ("Alessi"), Assistant U.S. Attorney. (ECF No. 63 at 2.) Guevrekian argues that McHugh, Maley and Nedeau-Balducci were never identified by the Village Defendants until the JPTO was submitted and the subsequent supplemental Rule 26 disclosure statement. (*Id.*) The Village Defendants do not object to this request and now withdraw these witnesses from their witness trial list. (ECF No. 70.)

Plaintiffs, on the other hand, argue that in an email exchange between the parties on September 11, 2025, Guevrekian stated he did not object to calling witnesses McHugh, Maley and Nedeau-Balducci, but now seeks to challenge the inclusion of such witnesses. (ECF No. 71 at 1.) Moreover, these three witnesses appeared in a file provided to Defendants in June of 2022 from the NCDAO relating to Plaintiff McGuire's complaint against Guevrekian. (*Id.*) Nonetheless, Plaintiffs contend that testimony from these witnesses is "extremely probative" because they can testify to the complaints provided that gave rise to this action. (*Id.* at 2.) Plaintiffs rely on certain exhibits that Defendant listed on the JPTO (Exhibits A, B and C[6]) that include records authored by these witnesses. (*Id.*) However, a review of the subsequent motion in limine filed by Guevrekian illustrates that these exhibits are now withdrawn. (*See* ECF No. 66 at 7.) Likewise, Village Defendants have now withdrawn Exhibit C, but not Exhibits A and B as previously discussed. (*See* ECF No. 72 at 2-3.)

Guevrekian also contends that Schmidt and Alessi – who were identified in Plaintiffs' JPTO witness list – should likewise be excluded. (*See* ECF Nos. 63 at 2; 66 at 3.) Though no explanation or reason was provided in the instant motion, Guevrekian elaborated on his

---

[6] For reference, Exhibit A is an Interview Memorandum of Carol McGuire prepared on June 6, 2019, by McHugh. (ECF No. 58 at 13.) Exhibit B is an Interview Memorandum of Regina Pruitte prepared on May 26, 2020, by McHugh. (*Id.*) Exhibit C is a Memorandum of the Office of the NCDA titled "PC 19-55 – HPD Sex Assault Investigation" from Nedeau-Balducci to Christine Maloney, Bureau Chief, and Rob Cavallo, Deputy Bureau Chief dated November 21, 2019. (*Id.* at 13-14.) However, the admissibility of these exhibits has been addressed above or withdrawn.

reasoning in his subsequent motion in limine. (*See* ECF No. 66 at 3.) In that motion, he argues

that because Schmidt and Alessi were not disclosed until the "eve of trial" then pursuant to Fed.

R. Civ. P. 26 and 37, they should be precluded. (*Id.*)  The Village Defendants join Guevrekian's

request to exclude Schmidt and Alessi for the same reasons. (ECF No. 70.)

Plaintiffs aver that Guevrekian has been aware of Schmidt and Alessi since March of

2024 due to the previous on-going investigation conducted by the U.S. Attorney's Office. (ECF

No. 71 at 2; *see also* ECF Nos. 39, 43.) Thus, Plaintiffs see no valid reason to preclude these

witnesses. (ECF No. 71 at 2.)

Lastly, Guevrekian and Village Defendants argue that Michael Nolan ("Nolan"), Crissana

Loraine Goldfarb ("Goldfarb"), and Victoria Birnbaum ("Birnbaum") should be excluded for

similar reasons. (ECF No. 66 at 3; 73 at 1.) By contrast, Plaintiffs argue that these witnesses to

be included as disclosure was provided in discovery. (ECF No. 75 at 2.)

In sum, Defendants argue that under Fed. R. Civ. P. 26 and 37, the above witnesses

should be precluded. (*See* ECF Nos. 63 at 2; 66 at 3; 70; 73 at 1.) "[A] party must, without

awaiting a discovery request, provide to the other parties the name and, if known, the address

and telephone number of each individual likely to have discoverable information--along with the

subjects of that information--that the disclosing party may use to support its claims or

defenses…." Fed. R. Civ. P. 26(a)(1)(A)(i). These so-called "initial disclosures" do not cease

once made.  Rather, this obligation continues throughout litigation, namely, to supplement.

> A party who has made a disclosure under Rule 26(a)--or who has responded to an
> interrogatory, request for production, or request for admission--must supplement or
> correct its disclosure or response: in a timely manner if the party learns that in some
> material respect the disclosure or response is incomplete or incorrect, and if the
> additional or corrective information has not otherwise been made known to the
> other parties during the discovery process or in writing; or as ordered by the court.

Fed. R. Civ. P. 26(e).

The Federal Rules make clear that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added).

In order to determine whether testimony should be permitted after a party's failure to disclose as required by Rule 26, courts undertake an analysis applying the following factors:

(1) the party's explanation for the failure to comply with the discovery [obligation];

(2) the importance of the testimony of the precluded witness;

(3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and

(4) the possibility of a continuance.

*Bovell v. City of Mount Vernon, New York*, No. 21-CV-1621 (AEK), 2023 WL 3559544, at *10 (S.D.N.Y. May 18, 2023) (citing *Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020)).

Wide discretion lies with the District Court when determining preclusion. *See McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, No. 19-CV-6471 (DLI) (ST), 2024 WL 4349476, at *5 (E.D.N.Y. Sept. 30, 2024); *Design Strategy. Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006).

Each is now considered in turn.

### i.    *Witnesses McHugh, Maley and Nedeau-Balducci*

A review of the filings demonstrates that **Maley** and **Nedeau-Balducci** were only listed on Defendants' potential witness list. (*See* ECF No. 58 at 8-11.) Now that all Defendants have withdrawn these witnesses, and Plaintiffs never included these names on their own list, **these witnesses are precluded**. As per the undersigned's Individual Practice Rules regarding JPTOs, "[o]nly listed witnesses will be permitted to testify except for good cause shown." (*See* Rule

6(A)(8).) Likewise, Exhibit C that includes Nedeau-Balducci is withdrawn and there are no listed exhibits that include Maley. Therefore, Maley and Nedeau-Balducci are precluded from testifying. *See Marshak v. Green*, 89 F.R.D. 637, 638 (S.D.N.Y. 1981) ("He was not listed as a witness in the pretrial order; if pretrial orders are to have any force, they must be adhered to at trial. There was no adequate explanation for failure to include him as a proposed witness.")

Next as for McHugh, Plaintiffs did include this witness on their pretrial list. (ECF No. 58 at 9.) In addition, Exhibits A and B were authored by McHugh. Although Guevrekian has withdrawn Exhibits A and B, Village Defendants have not. Village Defendants' reasoning to keep Exhibits A-B for trial and their admissibility has been addressed above.[7] (*See* ECF No. 72 at 1-2.) Given that McHugh's identity was provided back in June of 2022 (*see* ECF No. 71 at 1), the fact that McHugh was on Defendants' original witness lists (*see* ECF No. 58), and the Village Defendants insistence on keeping Exhibits A and B in evidence (*see* ECF No 72 at 1-2), Defendants cannot argue this was an "eve of trial" disclosure.

Moreover, the Court finds the probative value of McHugh's testimony outweighs any prejudice to Defendants. McHugh's testimony is relevant as he was the investigator interviewing Plaintiffs as to Guevrekian's alleged conduct. *See N. Am. Soccer League, LLC*, 754 F. Supp. 3d at 378 (discussing relevancy standards). Using Rule 403's balancing test, McHugh's testimony is likely to shed light as to the "contemporaneous complaints about the conduct giving rise to this action." (ECF No. 71 at 2.) Notably, Defendants fail to argue that there is any prejudice by allowing his testimony but rather focus on Rules 26 and 37 for preclusion. Therefore, **Plaintiffs may call McHugh as a witness** at trial in connection with the interviews.

---

[7] The reason for this statement is to further illustrate that McHugh's identity is not uncommon or a surprise to Defendants.

ii.    **_Witnesses Nolan, Goldfarb and Birnbaum_**

Plaintiffs contend that Nolan, Plaintiff's McGuire's prior attorney was present during the time period when she made her criminal complaints and at a 50-H hearing back in October of 2019. (ECF No. 75 at 2.) The transcript from the 50-H hearing was allegedly provided within Plaintiff McGuire's document production. (*Id.*) However, the reason or the contents to what Nolan would testify to are absent. Nolan was not offered or portrayed as a key witness, and Plaintiff McGuire may testify to her complaints and the 50-H proceedings. Reviewing the factors for preclusion, (i) it appears that Plaintiffs did comply with producing Nolan's identity, (ii) the testimony that would be heard by Nolan is unclear as to relevancy and thereby likely not important, (iii) Defendants would be prejudiced by having to either depose or further prepare with less than two weeks left before trial begins and (iv) there will be no continuance. *See Chamberlain*, 960 F.3d at 117. **Nolan**, therefore, **is precluded** from testifying.

Next, Goldfarb and Birnbaum are other alleged victims of Guevrekian's conduct. (ECF No. 75 at 2.) According to Plaintiffs, Goldfarb was disclosed back in August of 2023 when Plaintiff Regina Pruitte served second amended responses to Village Defendants' first set of interrogatories. (*Id.*) Likewise, Birnbaum was disclosed by the Village Defendants in their document production. (*Id.*) (citing HPD-000022-23.) Given that these disclosures were made and relevancy is clear here, prior alleged victims to a case that is based on similar allegations, their testimony would be pertinent. Although prejudice to Defendants is the time to depose these witnesses, the importance and probative value of these witnesses will outweigh that. *See Chamberlain*, 960 F.3d at 117; *see also* Fed. R. Evid. 403.[8]

---

[8] Fed. R. Evid. 415 is also relevant here. *See* Fed. R. Evid. 415 ("In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation.")

Accordingly, **Goldfarb** and **Birnbaum** are permitted to testify at trial. It follows, therefore, that Defendants are permitted to depose both Goldfarb and Birnbaum.

### iii.    *Witnesses Schmidt and Alessi*

As for witnesses Schmidt and Alessi, Defendants argue that it was not until the JPTO that Schmidt and Alessi were disclosed by Plaintiffs as potential witnesses. "The purpose of the [Rule 26] is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (quoting *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004)). To ensure Rule 26 is satisfied, "parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Badolato v. Long Island Rail Rd. Co.*, No. 14-CV-1528 (AKT), 2016 WL 6236311, at *4 (E.D.N.Y. Oct. 25, 2016) (quoting *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 73 (E.D.N.Y. 2012)).

An analysis of the factors for preclusion leads to a determination that preclusion of these witnesses is warranted under the circumstances presented. *See Chamberlain*, 960 F.3d at 117. First, although the identities of these witnesses are not new to Defendant Guevrekian as he was aware of the ongoing investigation conducted by the U.S. Attorney's Office, (*see* ECF Nos. 71 at 2, 39, 43), there is no evidence that throughout discovery these witnesses were disclosed by Plaintiffs. Second, there has been no proffer to the Court of the nature or scope of anticipated testimony from these witnesses, so relevance is unclear and questionable. Third, assuming that these witnesses would testify to Guevrekian's alleged conduct or the contents of the investigation, the prejudicial impact would outweigh any marginal probative value. *See* Fed. R. Evid. 403. Allowing these witnesses to proceed to trial could also cause confusion or mislead the jury from focusing on the issues to be tried. *See Bermudez v. City of New York*, No. 15-CV-3240 (KAM) (RLM), 2019 WL 136633, at *2 (E.D.N.Y. Jan. 8, 2019) (citations omitted) ("In making

23

a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] ... that it will divert the jury from the facts which should control their verdict.'"); *see also Est. of Jaquez v. Flores*, No. 10-CV-2881 (KBF), 2016 WL 1060841, at *1 (S.D.N.Y. Mar. 17, 2016) (stating that under Fed. R. Evid. 403, "[d]istrict courts have broad discretion to balance probative value against possible prejudice"). As for the last factor, possibility of continuance, that is impracticable given the proximity to the trial date nor has any party requested so. *See Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) ("A delay of the trial might have cured that prejudice, but … there was no request for an adjournment."). The trial will proceed as scheduled. Accordingly, **Schmidt** and **Alessi** are **not permitted to testify**.

### b. *Plaintiffs' Motion (ECF No. 65)*

Plaintiffs seek an order precluding Guevrekian from testifying at trial following his pattern of asserting the Fifth Amendment right to remain silent at depositions. (ECF No. 65 at 2.) Recently, Guevrekian has withdrawn himself as a witness. (ECF No. 76 at 1.) The Village Defendants took no position as to this portion of Plaintiffs' motion. (ECF No. 72 at 1.) Accordingly, this matter is now moot.

## **CONCLUSION**

For the foregoing reasons, the Motions to Limine in 20-CV-2117 (ECF Nos. 106-08) and

22-cv-3671 (ECF No. 64-66) are **GRANTED in part** and **DENIED in part**, and Guevrekian's

application (20-CV-2117 (ECF No. 105); 22-CV-3671 (ECF No. 63)) is **GRANTED in part** and

**DENIED in part**.

Dated:  Central Islip, New York
        October 9, 2025

S O   O R D E R E D:

/S/  *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge